(No. 11617.—Judgment affirmed.)

THE ARCADE MANUFACTURING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed December 19, 1917.*

WORKMEN'S COMPENSATION—*Industrial Board is not a party in interest.*   The Industrial Board is not a party in interest so as to be included among the defendants whose places of residence determine the county where the application for a writ of *certiorari* to review the record of the Industrial Board in a particular case shall be made.   (*Louisville and Nashville Railroad Co.* v. *Industrial Board, post*, p. 136, followed.)

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

F. J. CANTY, and J. C. M. CLOW, for plaintiff in error.

DOUGLAS PATTISON, for defendants in error.

· Mr. JUSTICE COOKE delivered the opinion of the court:

Helen Harbsmeier, administratrix of the estate of Fred C. Harbsmeier, secured an award against the Arcade Manufacturing Company, plaintiff in error, under the Workmen's Compensation act, for the death of her intestate, which award was confirmed by the Industrial Board. The plaintiff in error and Helen Harbsmeier, administratrix, are both residents. of Stephenson county, and Fred C. Harbsmeier was an employee of the plaintiff in error and a resident of Stephenson county at the time of his death. Plaintiff in error made application to the circuit court of Cook county for a writ of *certiorari* to review the decision of the Industrial Board, upon the theory that the Industrial Board was a party defendant and could be found in Cook county. Service was had upon the Industrial Board in that county and upon the administratrix in Stephenson county. The administratrix challenged the jurisdiction of the circuit court of Cook county, and the court held it did not have jurisdiction and quashed the writ. The cause was then certified as one proper to be reviewed by this court.

The only question presented is whether the circuit court of Cook county has jurisdiction to review the record of the Industrial Board, which resolves itself into the question whether the Industrial Board is a defendant to the writ of *certiorari* or a party in interest, within the meaning of the Workmen's Compensation act. This question has received our consideration in *Louisville and Nashville Railroad Co. v. Industrial Board,* (*post,* p. 136,) where we held that the Industrial Board was not a party in interest and was not included among the defendants whose places of residence would determine the county where the application for the writ of *certiorari* should be made. The Industrial Board

has no more interest in having its decisions approved in *certiorari* proceedings than the circuit court of Cook county has in having its judgment affirmed on this review, and it is no more a party in interest in those proceedings than the circuit court is in this writ of error. In one instance a writ is issued to review the record of the Industrial Board and in the other a writ is issued to review the record of the circuit court. The only parties in interest are the claimant and the employer.

For the reasons given in *Louisville and Nashville Railroad Co.* v. *Industrial Board, supra,* the judgment of the circuit court is affirmed.                        *Judgment affirmed.*