(No. 34375.—)

U. S. Collins *et al.,* Plaintiffs in Error, *vs.* The Indus-
trial Commission *et al.*—(Lula Mae Fitch *et al.,*
Defendants in Error.)

*Opinion filed September 20, 1957—Rehearing denied Nov. 19, 1957.*

George Traicoff, of Peoria, and U. S. Collins, of
Bushnell, *pro sese.*

Reidy, Katz, McAndrews, Durkee & Telleen, and
Eagle & Eagle, both of Rock Island, for defendants in
error.

Mr. Justice Schaefer delivered the opinion of the
court:

An order of the Industrial Commission fixed the fees
of attorneys for the claimants in a workmen's compensation
proceeding, and the attorneys sued out a writ of *certiorari*
to review that order. The circuit court of Rock Island
County quashed the writ on the ground that the Workmen's
Compensation Act provides "no right of review to an attor-

ney who is not an actual party to the record." We allowed a writ of error.

U. S. Collins and George Traicoff, attorneys, represented Lula Mae Fitch (now Ruark) before the Commission in proceedings arising out of the death of her husband, Gerald B. Fitch. After a hearing an arbitrator awarded compensation benefits of $10,522 to Mrs. Fitch, on her own behalf and on behalf of her seven minor children. An additional award of $4067.70 was made for medical and hospital expenses. No effort was made to review these awards, and they became final.

Therefter, on March 2, 1955, Lula Mae Fitch filed a petition for a lump sum settlement in order to buy a home and to pay attorneys' fees. The petition alleged that she was indebted to her attorney for twenty per cent of the award "as this was a contested claim both on the cause of death and the question of dependency." In the meantime, on February 1, 1955, the Commission on its own motion had given notice that a hearing would be set for the determination of attorney fees. Thereafter, on March 4, 1955, the Commission sent separate notices of hearing. One notice set the matter for hearing on the petition for a lump sum settlement, the other for hearing on "Attorney Fees." The latter notice designated Mrs. Fitch as petitioner, and Collins and Traicoff as respondents.

Evidence was heard with respect to both matters on March 14, 1955. On May 13, 1955, the Commission entered an order rejecting the petition for a lump sum settlement. The order did not refer to attorneys' fees. On July 12, 1955, the Commission entered an order fixing the reasonable value of the services rendered by Collins and Traicoff at $300. This order concluded, "The probable cost of the record to be filed as a return to the writ of *certiorari* is the sum of $100.00." The writ of *certiorari* to review this order was quashed upon motion of the claimants.

The question is one of first impression. Review of the determinations of the Commission is by statutory *certiorari,* and the power of the circuit court on review is limited by the provisions of the act. (*Central Illinois Public Service Co.* v. *Industrial Com.* 293 Ill. 62; *Sweitzer* v. *Industrial Com.* 394 Ill. 141.) Section 19(f)(1) of the act confers jurisdiction in these terms: "* * * the Circuit Court * * * shall by writ of certiorari to the Commission have power to review all questions of law and fact presented by such record." Ill. Rev. Stat. 1955, chap. 48, par. 138.19.

The Commission is expressly authorized to fix the fees of "attorneys, physicians, surgeons and hospitals, * * *." (Ill. Rev. Stat. 1955, chap. 48, par. 138.16.) The statute thus contemplates that the matter of fees of attorneys is one of the questions of law or fact that may arise and be "presented by such record." That question arose and was presented by the record in this case.

Despite the fact that the statute states the jurisdiction of the circuit court in terms of "questions of law and fact presented by such record," and extends that jurisdiction to *all* such questions, it is argued that the right to a judicial review is limited to "parties" and that the attorneys are not parties. The argument rests on the statement of this court that with respect to review of compensation cases, "The only parties in interest are the claimant and the employer." *Louisville and Nashville Railroad Co.* v. *Industrial Board,* 282 Ill. 136, 140; *Arcade Mfg. Co.* v. *Industrial Board,* 282 Ill. 27, 29.

The circumstances under which that observation was made, however, show that it has no bearing on the present issue. The question in those cases concerned the proper venue in an action to review the Commission's determination. The statute fixed the venue as "the county where any of the parties defendant may be found." In one of the cases the employee resided and had been injured in St. Clair County, and in the other Stephenson County. In each case

the employer attempted to have the award reviewed in the circuit court of Cook County by joining the Industrial Board as a party and serving process upon the Board in Cook County. The sentence that forms the basis of the argument here was used in rejecting that attempt.

The fact that the statute frequently refers to "the parties or their attorneys of record" in providing for service of various notices is of no significance. Even if the statutory jurisdiction of the circuit court was expressed in terms of parties, instead of in terms of issues, we think that the attorneys were parties to the supplemental hearing at which their fees were determined. They were so treated by the Commission, which formally named them as respondents in giving them notice of that hearing. At the hearing the attorneys offered evidence and were interrogated. The order fixing the amount of their fees was then entered, and in that order the Commission notified both Mrs. Fitch and the attorneys of the cost of furnishing the record on *certiorari*.

Detailed discussion of decisions from other jurisdictions, to which both parties have referred, is unnecessary. It is sufficient to note that the great majority of States have allowed judicial review of commission orders fixing compensation for attorneys. In some instances the attorney's right to review was assumed; in others that right was challenged and sustained. In only two cases cited by the parties was the attorney denied the right to review. In *Unzelman* v. *City of Sioux Falls*, 65 S.D. 266, 272 N.W. 825, the right of appeal was given only to the "employer or employee." In *Cranston* v. *Industrial Com.* 246 Wis. 287, 16 N.W.2d 865, the right of appeal applied only to "orders denying or awarding compensation." Our statute is so different that these decisions are of no assistance.

We hold that under the statute the circuit court has jurisdiction to review an award of attorney fees. Because of its view as to jurisdiction, the court did not consider the merits. Its judgment must therefore be reversed and

the cause remanded, with directions to hear the cause and either confirm the Commission's award of attorneys' fees, or set aside that award and remand the cause to the Commission for a further hearing.

*Reversed and remanded, with directions.*