ANGEL ALVARADO, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Goldstein, Fishman, Bender and Romanoff, Appellee).

First District (Industrial Commission Division)   No. 1—02—2832WC

Opinion filed March 3, 2004.—Rehearing denied April 9, 2004.

Monica Ribbeck Kelly, of Chicago, for appellant.

Richard H. Victor, of Goldstein, Fishman, Bender & Romanoff, of Chicago, for appellee.

JUSTICE CALLUM delivered the opinion of the court:

## I. INTRODUCTION

In 1996, the law firm of Goldstein, Fishman, Bender & Romanoff (Goldstein) filed on behalf of claimant, Angel Alvarado, an application for adjustment of his claim under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2002)). Claimant discharged Goldstein and hired Ribbeck Maravi, P.C. (Ribbeck Maravi). In 1999, Ribbeck Maravi filed a second application for adjustment of claim for the same injury that was the subject of the 1996 application. The 1996 case was voluntarily dismissed, and the parties settled the 1999 case. Five months after the arbitrator approved the settlement, Goldstein petitioned for attorney fees. The Industrial Commission (Commission) awarded Goldstein attorney fees, and the trial court confirmed the award. On appeal, claimant argues that the Commission did not have the authority to reopen the case and award attorney fees to claimant's former attorneys five months after the lump-sum settlement between claimant and his employer was approved. We agree and therefore vacate the award of fees to Goldstein.

## II. BACKGROUND

On August 19, 1996, claimant was injured while working for employer, Central Die Casting. On December 19, 1996, Goldstein filed on claimant's behalf an application for adjustment of claim. On August

15, 1997, Goldstein withdrew its appearance, and Ribbeck Maravi was substituted as claimant's attorney of record. On October 31, 1997, Goldstein petitioned for attorney fees for time it spent on claimant's case through August 14, 1997. The arbitrator continued the petition and on January 5, 1998, ordered the parties to notify Goldstein of the settlement or resolution of the claim and ordered employer not to issue any drafts until Goldstein's fee petition was resolved.

On August 11, 1999, Ribbeck Maravi filed a second application for adjustment of claim for the same injury that was the subject of the 1996 application. The 1999 application stated that claimant had not filed any prior applications. The attorney representation agreement submitted with the application in the 1999 case was dated March 31, 1997. Both cases were consolidated.

On January 17, 2001, the arbitrator granted claimant's motion to voluntarily dismiss the 1996 case. Shortly thereafter, the parties settled the 1999 case. The record does not contain the full settlement agreement or the order approving the agreement. The parties and the Commission represent that on February 13, 2001, claimant signed a lump-sum settlement agreement. On March 14, 2001, the arbitrator approved the settlement and awarded Ribbeck Maravi $19,413.33 in attorney fees. There is no dispute that Goldstein did not receive notice of the settlement.

On August 9, 2001, Goldstein again petitioned for attorney fees. During the hearing on Goldstein's petition, claimant and his attorneys objected to the Commission's jurisdiction to hear the petition on the ground that it was filed several months after the claim was resolved. On January 8, 2002, the Commission granted the petition and awarded Goldstein $1,350. In finding that it had jurisdiction to hear the petition, the Commission reasoned that the 1999 case was in all material respects identical to the 1996 case. Goldstein protected its claim for fees by timely presenting it to the arbitrator in December 1997. The dismissal of the 1996 case was a mere technicality that could not defeat the Commission's jurisdiction to resolve the fee dispute. Moreover, the Commission found that claimant and his current attorneys were estopped from asserting that the fee petition was barred. The Commission noted first that claimant's representation agreement with Ribbeck Maravi was dated March 31, 1997, and Goldstein apparently continued to work on claimant's case until August 1997. Second, the 1999 application incorrectly stated that no prior application had been filed. Third, when they presented the motion to voluntarily dismiss the 1996 case, claimant and his attorneys failed to remind the arbitrator of the pending fee petition. According to the Commission, these facts suggested that claimant and his attorneys were deliberately attempting to avoid claimant's obliga-

tions to claimant's former attorneys. The Commission referred the matter to the Attorney Registration and Disciplinary Commission to investigate whether claimant's current attorneys violated Rule 1.2 of the Rules of Professional Conduct (134 Ill. 2d R. 1.2).

Claimant sought judicial review, and the trial court confirmed the Commission's decision. Claimant timely appealed.

## III. DISCUSSION

On appeal, claimant argues that the Commission lacked jurisdiction to reopen its final decision and award Goldstein attorney fees several months after the settlement was approved. He asserts that *Hoshor v. Industrial Comm'n*, 283 Ill. App. 3d 295 (1996), is directly on point. In *Hoshor*, the law firm Kanoski & Associates (Kanoski) filed an application for adjustment of claim on the claimant's behalf. A few months later, the attorney handling the claimant's case, Ms. Hayes, left Kanoski to start her own practice. A Kanoski attorney, Mr. Apfelbaum, took over the case and on March 24, 1992, obtained an initial settlement offer of $4,405. On March 31, 1992, Hayes advised Kanoski that the claimant had retained her and that she would agree to a fee-sharing arrangement. On May 26, 1992, the claimant advised Apfelbaum that Hayes had obtained a settlement offer of more than $5,000. On May 28, 1992, Apfelbaum telephoned the employer's insurance carrier to confirm the offer. During the conversation, the adjuster raised the offer to $6,500. Apfelbaum advised the claimant, who authorized Apfelbaum to settle for that amount. The claimant later told Apfelbaum that she wanted Hayes to complete the settlement. On June 7, 1992, the parties filed an attorney substitution form with the Commission. Hayes prepared the settlement papers showing $6,500, less $975 in attorney fees. The Commission approved the settlement in July 1992. In March 1993, Kanoski petitioned for attorney fees. After a hearing, the Commission ordered Hays to pay Kanoski $881. *Hoshor*, 283 Ill. App. 3d at 296-97.

■ The *Hoshor* court noted that the Commission's approval of a settlement, along with the attorney fees provision, has the same legal effect as an award. Like any Commission award, an approved settlement becomes final unless a petition for review is filed within 20 days pursuant to section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 2002)). *Hoshor*, 283 Ill. App. 3d at 298. According to the court, the Commission's jurisdiction and powers are limited to those provided by statute. *Hoshor*, 283 Ill. App. 3d at 298. See also *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160, 170 (2002).

■ According to the court, only two provisions of the Act grant the Commission power to reopen or modify a final decision. Section 19(h)

provides that a change in the claimant's condition or disability allows the Commission to reopen or modify an award. 820 ILCS 305/19(h) (West 2002). This section is strictly limited to review for a change in the nature of the disability and does not contemplate reopening to consider attorney fees. *Hoshor*, 283 Ill. App. 3d at 298. Section 19(f) provides that, within 15 days after receiving the award or decision on review, a party may move to correct clerical or computational errors. 820 ILCS 305/19(f) (West 2002). Section 19(f) is not, however, a proper vehicle for a rehearing or reconsideration of the merits of the case. *Hoshor*, 283 Ill. App. 3d at 298-99. Because the Act contains no provision for reopening or modifying a final decision to revisit the issue of attorney fees, the Commission lacked jurisdiction to reopen the award and apportion attorney fees in a manner inconsistent with the original decision. *Hoshor*, 283 Ill. App. 3d at 298.

We see no basis for distinguishing *Hoshor*. It is true that the former attorneys in *Hoshor* did not present their first fee petition until several months after the Commission approved the settlement agreement. Here, in contrast, Goldstein first presented its claim for fees in October 1997, almost 2½ years before the settlement was approved. This petition was presented in connection with the 1996 case, which claimant voluntarily dismissed before the 1999 case settled. Although the Commission found that the dismissal of the 1996 case was a mere technicality that did not defeat its jurisdiction to resolve the fee dispute, the fact remains that the settlement purports to resolve all issues in the case, including attorney fees. Thus, under *Hoshor*, the approval of the settlement had the same effect as a final award.

The *Hoshor* court stated that "[o]ur decision is limited to the facts of this case, where there is no claim of fraud and it is apparent that Kanoski sat on its hands, knowing settlement was approaching and would be completed by another attorney." *Hoshor*, 283 Ill. App. 3d at 299-300. Thus, it appears that *Hoshor* recognized an exception in cases of fraud. Further analysis reveals, however, that fraud is not a basis for extending the Commission's jurisdiction.

■ Unless a party petitions for review within 30 days after receiving an arbitrator's decision, the arbitrator's decision becomes the decision of the Commission. 820 ILCS 305/19(b) (West 2002). A party must commence a proceeding for judicial review within 20 days of receiving notice of the Commission's decision. 820 ILCS 305/19(f)(1) (West 2002). "The decision of the Commission *** shall, *in the absence of fraud*, be conclusive unless reviewed as" provided in section 19(f)(1). (Emphasis added.) 820 ILCS 305/19(f) (West 2002). Our supreme court has held that the "in the absence of fraud" language does not confer

jurisdiction on the Commission to reopen and set aside a lump-sum settlement. *Michelson v. Industrial Comm'n*, 375 Ill. 462, 469 (1941). The statute does state, however, that fraud is a basis upon which to reexamine a Commission decision, and a party may maintain an action in equity to procure relief from a Commission decision procured through fraud. *Michelson*, 375 Ill. at 469; *Roadside Auto Body, Inc. v. Miller*, 285 Ill. App. 3d 105, 111 (1996).

■ Accordingly, the approval of the settlement was a final decision, and there was no basis for the Commission to reopen that decision. The Commission reasoned that claimant and his attorneys were estopped from asserting that the fee petition was barred. This was not a valid basis for reopening the decision, however. Subject matter jurisdiction cannot be waived, stipulated or consented to, or conferred by estoppel. *Jones v. Industrial Comm'n*, 335 Ill. App. 3d 340, 343 (2002). Our research has uncovered no decision holding that fraud is a sufficient basis for extending the subject matter jurisdiction of an administrative agency. The appropriate method for seeking relief under the circumstances here is an equitable action to set aside the Commission's judgment as based on fraud.

The Commission's frustration with claimant's current attorneys, who disregarded the arbitrator's order to notify the former attorneys of the settlement or resolution of the claim, certainly is understandable. Nevertheless, established precedent dictates the result we reach here.

## IV. CONCLUSION

We reverse the judgment of the circuit court of Cook County and vacate the Commission's award of attorney fees to Goldstein.

Reversed; Commission decision vacated in part.

HOFFMAN and GOLDENHERSH, JJ., concur.

PRESIDING JUSTICE McCULLOUGH, dissenting:

I respectfully dissent. The Commission in its decision found:

"The Commission further finds that it has continuing jurisdiction to hear and decide a timely filed Petition to apportion fees under § 16(a) of the Act. Here, Goldstein, Fishman and Romanoff filed their Petition for Fees immediately after their discharge by Petitioner and while the claim in 96WC66576 was still pending before the Arbitrator. They took the steps necessary to protect their claim by bringing it before Arbitrator Reichart December 2, 1997, when it was continued, and again on December 5, 1998, when Arbitrator Reichart entered an order directing that no payment be

made on the claim without notice to Goldstein, Fishman, Bender and Romanoff. It is not unusual for a case to remain pending before the Commission for years before settlement or a final decision is made. Fees between successive claimant attorneys cannot be assessed until the case ends because they are paid on a contingent basis. Nonetheless, the Commission's jurisdiction is continuing under the Act.

\*\*\*

\*\*\* The Commission notes that Petitioner signed a Representation Agreement with Ribbeck Maravi on March 31, 1997 when he was already represented by Goldstein, Fishman, Bender and Romanoff. \*\*\* Petitioner did not tell his former attorney that he had sought other counsel, instead, Goldstein, Fishman, Bender and Romanoff learned from Respondent that a new attorney had been retained. \*\*\* On the second application, Petitioner denied that a prior application had been filed, a representation which was false. In December, 2000, Petitioner signed a motion to dismiss his first application. When he presented this Motion to Arbitrator Reichart in January, 2001, he apparently failed to remind the Arbitrator of the pending fee petition, despite the Arbitrator's order of December 5, 1998. On[e] month later Petitioner signed the settlement contract which was presented to the Arbitrator in March, 2001. Throughout this period Petitioner knew that his former attorney had an unresolved claim for attorneys' fees and that Arbitrator Reichart had entered an order specifically requiring that Petitioner's former attorney be informed of any settlement. These facts suggest that Petitioner was deliberately attempting to avoid his obligations to his prior attorney by filing a new Application for Adjustment of Claim and dismissing his first claim."

Support for jurisdiction of the Commission is also found in the Administrative Code, section 7080.10. 50 Ill. Adm. Code § 7080.10(a)(1) (2003). Section 7080.10(a)(1) provides in substance that when a dispute has arisen between the claimant and his former attorney concerning the payment of fees, the petitioner or his attorney or former attorney may file with the Commission a petition to fix fees setting forth the facts surrounding the dispute and the relief requested. I also note that the referral to ARDC by the Commission falls within its power under section 7090.10(c) (50 Ill. Adm. Code § 7090.10(c) (2003)).

The Commission was properly authorized to enter the order for compensation.

HOLDRIDGE, J., joins in this dissent.