Docket No. 98464–Agenda 11–May 2005.

ANGEL ALVARADO, Appellee, v. THE INDUSTRIAL

 COMMISSION 
et al.
, Appellants.

Opinion filed October 6, 2005.

CHIEF JUSTICE THOMAS delivered the opinion of the court:

At issue in this case is whether the Illinois Industrial Commission (the Commission) may award attorney fees to a claimant’s former attorneys several months after the Commission approves a settlement between the claimant and his employer. The trial court confirmed the Commission’s decision to award attorney fees to the former attorneys. The appellate court reversed. For the reasons that follow, we reverse the decision of the appellate court.

BACKGROUND

Angel Alvarado, the claimant, was injured on August 19, 1996, while working for his employer, Central Die Casting. On December 16, 1996, the law firm of Goldstein, Fishman, Bender & Romanoff (Goldstein) filed an application for adjustment of claim on Alvarado’s behalf pursuant to the Workers’ Compensation Act (the Act) (820 ILCS 305/1 
et seq.
 (West 2002)). The matter was assigned to arbitrator Reichart and was designated case number 96 WC 066576. In March 1997, Alvarado also entered into an attorney-client agreement with the law firm of Ribbeck Maravi, P.C. (Ribbeck), although this attorney-client agreement was not filed with the Commission until August 11, 1997. Goldstein did not learn that Alvarado had retained Ribbeck until August 8, 1997. Alvarado filed a substitution of attorneys with the Industrial Commission on August 15, 1997, naming Ribbeck as his attorneys and stating that he no longer wanted Goldstein to represent him.

On October 31, 1997, Goldstein filed a petition for attorney fees with the Commission, seeking fees in the amount of $1,350. On January 5, 1998, arbitrator Reichart continued Goldstein’s fee petition and entered an order directing Alvarado and his employer, Central Die Casting, to immediately notify Goldstein of the settlement or other resolution of the case, and ordering Central Die Casting not to issue any drafts in payment of a settlement or other resolution until Goldstein’s petition for fees had been finally and fully resolved.

On August 11, 1999, Alvarado, through Ribbeck, filed a second application for adjustment of claim with the Commission. The injury alleged in the second claim was the same injury alleged in the original claim filed by Goldstein. The second claim was designated case number 99 WC 42929 and was assigned to arbitrator Kane. Despite the existence of the 1996 claim, the 1999 application for adjustment of claim stated that no prior application had been filed concerning the injury at issue.

Alvarado then filed a motion to consolidate the 1996 action and the 1999 action. Notice of this motion was not served on Goldstein. The motion to consolidate was allowed on August 31, 1999, and the consolidated cases were assigned to arbitrator Reichart. On December 8, 2000, Ribbeck moved to voluntarily dismiss the 1996 claim. Goldstein did not receive notice of the motion to dismiss. Arbitrator Reichart granted the motion to dismiss the 1996 claim on January 17, 2001.

The parties then reached a settlement of the 1999 claim. The settlement contract provided for attorney fees in the amount of $19,413.33. Arbitrator Reichart approved the settlement on March 14, 2001. Goldstein was not given notice of the settlement.

Upon learning of the settlement, Goldstein filed a motion for fees pursuant to sections 16 and 16a of the Act (820 ILCS 305/16, 16a (West 2002)). Goldstein’s motion was filed on August 9, 2001, five months after the settlement was approved and seven months after the 1996 claim was dismissed. At the hearing on Goldstein’s motion for fees, Alvarado objected to the Commission’s jurisdiction to consider the motion, arguing that Goldstein should have challenged the dismissal of the 1996 action when the dismissal order was entered. The Commission rejected Alvarado’s challenge, finding that it had jurisdiction to hear and decide the petition for fees under section 16a of the Act. The Commission noted that Goldstein had filed its petition for fees immediately after it was discharged by Alvarado and while the 1996 claim was still pending. Goldstein took the steps necessary to protect its claim by bringing it before arbitrator Reichart on December 2, 1997. The Commission also found that the 1999 claim was identical in all respects to the 1996 claim, and that the dismissal of the 1996 claim was a mere technicality that could not be used to defeat jurisdiction. The Commission further held that Alvarado was estopped by his own conduct from claiming that Goldstein’s fee petition was barred. Accordingly, on January 8, 2002, the Commission ordered Ribbeck to pay Goldstein fees in the amount of $1,350 pursuant to section 16a of the Act. In addition, the Commission found that the matter should be referred to the Attorney Registration and Disciplinary Commission for investigation into whether Ribbeck’s conduct in the matter was a violation of the Illinois Rules of Professional Conduct. See 134 Ill. 2d R. 1.1 
et seq.

Alvarado sought judicial review of the Commission’s decision.
(footnote: 1) The circuit court confirmed the Commission’s fee apportionment. Alvarado then appealed the circuit court’s judgment, again arguing that the Commission lacked jurisdiction to reopen its final decision to award Goldstein its attorney fees. The appellate court, Industrial Commission division, with two justices dissenting, reversed the circuit court’s judgment and vacated the Commission’s award of attorney fees to Goldstein. 347 Ill. App. 3d 352. In vacating the Commission’s award of attorney fees to Goldstein, the appellate court held that the case before it was indistinguishable from the appellate court’s decision in 
Hoshor v. Industrial Comm’n
, 283 Ill. App. 3d 295 (1996). In 
Hoshor
, the court held that because the Commission’s approval of a settlement, including an attorney fee provision, has the same legal effect as an award, the approved settlement is final unless a petition for review is filed within 20 days. 
Hoshor
, 283 Ill. App. 3d at 298. Once an award becomes final, the Commission lacks jurisdiction to reopen the award and apportion attorney fees in a manner inconsistent with the original decision. 
Hoshor
, 283 Ill. App. 3d at 298.

Applying 
Hoshor
, the appellate court in this case held that, because no petition for review had been filed following the Commission’s approval of the settlement, there was no basis for the Commission to reopen the settlement to award Goldstein its attorney fees. 347 Ill. App. 3d at 357. The appellate court further held that fraud is not a sufficient basis for extending the subject matter jurisdiction of an administrative agency. 347 Ill. App. 3d at 357. Rather, the appropriate method for seeking relief under the circumstances was for Goldstein to file an equitable action to set aside the Commission’s judgment based upon fraud. 347 Ill. App. 3d at 357.

The dissenting justices argued that the Commission was properly authorized to enter the order for compensation. 347 Ill. App. 3d at 358. The dissenting justices stated that support for the Commission’s jurisdiction could be found in section 7080.10 of the Administrative Code (50 Ill. Adm. Code §7080.10(a)(1) (2003)), which provides that, when a dispute arises between a petitioner and his attorney or former attorney, either party may file a petition to fix fees with the Commission. 347 Ill. App. 3d at 358.

Goldstein then petitioned the appellate court for rehearing. The appellate court denied the petition for rehearing, but did file a statement that the case involves a substantial question that warrants consideration by this court. This court granted Goldstein’s petition for leave to appeal. 177 Ill. 2d R. 315(a). This court also allowed the Commission’s (now known as the Illinois Workers’ Compensation Commission) motion for leave to be aligned as an appellant and to file a brief.

ANALYSIS

As noted, the parties’ dispute in this case centers on the Commission’s authority to apportion attorney fees after a settlement award has become a final award. Because the issue of whether the Commission had the authority to award Goldstein’s fees raises a question of law, our review is 
de novo
. 
Lyon v. Department of Children & Family Services
, 209 Ill. 2d 264, 271 (2004).

The Commission is an administrative agency, and therefore, it has no general or common law powers. 
Chicago v. Fair Employment Practices Comm’n
, 65 Ill. 2d 108, 113 (1976). The Commission’s powers are limited to those granted by the legislature, so that any action taken by the Commission must be specifically authorized by statute. 
Business & Professional People for the Public Interest v. Illinois Commerce Comm’n
, 136 Ill. 2d 192, 243 (1989). Consequently, when an administrative agency acts outside its specific statutory authority, it acts without “jurisdiction.” 
Business & Professional People
, 136 Ill. 2d at 243. Although the term “jurisdiction” is not strictly applicable to an administrative body, this court has held that the term may be employed to designate the authority of an administrative body to act. 
Business & Professional People
, 136 Ill. 2d at 243. Where an agency enters a decision that it has no statutory power to enter, the decision is void. 
Business & Professional People
, 136 Ill. 2d at 244.

With regard to attorney fees, the Act does authorize the Commission to award attorney fees and to resolve fee disputes. For example, section 16 of the Act states that “[t]he Commission shall have the power to determine the reasonableness and fix the amount of any fee of compensation charged by any person, including attorneys ***, for any service performed in connection with this Act, or for which payment is to be made under this Act or rendered in securing any right under this Act.” 820 ILCS 305/16 (West 2002). Section 16a of the Act provides that:

“Any and all disputes regarding attorneys’ fees, whether such disputes relate to which one or more attorneys represents the claimant or claimants or is entitled to the attorneys’ fees, or a division of attorneys’ fees where the claimant or claimants are or have been represented by more than one attorney, or any other disputes concerning attorneys’ fees or contracts for attorneys’ fees, shall be heard and determined by the Commission after reasonable notice to all interested parties and attorneys.” 820 ILCS 305/16a(J) (West 2002).

Although the preceding statutory sections specifically provide that the Commission is authorized to award attorney fees and to resolve fee disputes, those sections do not specify time frames for filing fee petitions, resolving fee disputes, or reviewing fee petitions. Consequently, the appellate court in this case, relying on 
Hoshor v. Industrial Comm’n
, 283 Ill. App. 3d 295 (1996), looked to the statutory provisions setting forth the procedures for review of a Commission decision. With regard to review of a Commission decision, the Act states that “[t]he decision of the Commission acting within its powers *** shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided.” 820 ILCS 305/19(f) (West 2002). The Act further provides that “[a] proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission.” 820 ILCS 305/19(f)(1) (West 2002). A settlement contract approved by the Commission has the same legal effect as an award by the Commission. 
Ahlers v. Sears, Roebuck Co.
, 73 Ill. 2d 259 (1978).

The Act specifies two instances where the Commission may reopen or modify a final award. Section 19(f) provides that the Commission or a party may move to “correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Abitrator or any decision on review of the Commission.” 820 ILCS 305/19(f) (West 2002). In addition, section 19(h) provides that where an employee’s disability has recurred, increased, diminished or ended, an agreement or award under the Act may be reviewed by the Commission. 820 ILCS 305/19(h) (West 2002).

Hoshor
 held that the Commission’s authority to consider and allow fee petitions was limited by the preceding provisions providing for review of Commission decisions. In 
Hoshor
, the claimant was represented by the law firm of Kanoski & Associates (Kanoski), with attorney Patricia Hayes handling the case. 
Hoshor
, 283 Ill. App. 3d at 296. When Hayes left Kanoski to start her own firm, Kanoski reassigned claimant’s case to another attorney in the firm. 
Hoshor
, 283 Ill. App. 3d at 296. Kanoski later received a letter from claimant stating that she had retained Hayes as her attorney. 
Hoshor
, 283 Ill. App. 3d at 296. Claimant later advised Kanoski that Hayes had obtained a settlement offer of more than $5,000, which was higher than the settlement offer of $4,405 that Kanoski had previously obtained. 
Hoshor
, 283 Ill. App. 3d at 296. When Kanoski telephoned the insurance adjuster to confirm the higher offer and to inform the adjuster that Kanoski was transferring the file to Hayes, the insurance adjuster raised the settlement offer to $6,500. 
Hoshor
, 283 Ill. App. 3d at 296. Claimant authorized Kanoski to settle for $6,500, but after Kanoski had prepared the settlement papers, claimant told Kanoski that she wanted Hayes to complete the settlement. 
Hoshor
, 283 Ill. App. 3d at 296. The parties thereafter signed and filed an attorney substitution form. 
Hoshor
, 283 Ill. App. 3d at 296. The settlement contract for $6,500, less $975 in attorney fees, was signed by claimant, Hayes and the claims adjuster in June 1992. 
Hoshor
, 283 Ill. App. 3d at 296. The Commission approved the settlement agreement in July 1992. 
Hoshor
, 283 Ill. App. 3d at 296.

Eight months later, on March 5, 1992, Kanoski filed a petition for fees pursuant to section 16a(J) of the Act (820 ILCS 305/16a(J) (West 2002)). 
Hoshor
, 283 Ill. App. 3d at 296. Following a hearing, the Commission awarded fees to Kanoski and ordered Hayes to tender fees to Kanoski in the amount of $881, along with costs in the amount of $35.40. 
Hoshor
, 283 Ill. App. 3d at 296-97. The circuit court confirmed the Commission’s award, but the appellate court reversed. 
Hoshor
, 283 Ill. App. 3d at 297.

On appeal, Hayes argued that the award of attorney fees to Kanoski was void for lack of subject matter jurisdiction because there was no provision in the Act that permitted the reopening of a case to award fees eight months after a final order had been entered. 
Hoshor
, 283 Ill. App. 3d at 297. The appellate court agreed with Hayes. The appellate court first noted that neither the Act nor the Commission rules set a time frame within which an attorney must petition for fees. 
Hoshor
, 283 Ill. App. 3d at 297. The appellate court noted that the settlement contract, which was approved by the Commission, clearly set forth the amount to be paid claimant and the amount deducted for attorney’s fees. 
Hoshor
, 283 Ill. App. 3d at 297-98. The 
Hoshor
 court held that because no petition for review had been filed, the Commission’s decision, which included the award of attorney fees, became final 20 days after approval. 
Hoshor
, 283 Ill. App. 3d at 298. The appellate court held that absent a timely application for review, the Commission was without jurisdiction to reopen its final decision in order to grant Kanoski’s petition for attorney fees. 
Hoshor
, 283 Ill. App. 3d at 298. Specifically, the court stated that:

“In sum, we hold that an approved settlement agreement by the Commission becomes a final award after 20 days, where no petition for review is filed. 820 ILCS 305/19(f)(1) (West 1994). Such finality precludes reopening to reconsider a previous award of disability or attorney fees, except as provided by the Act. Recognizing that the Commission cannot exercise perpetual and unlimited jurisdiction to reopen claims, the Act has placed severe limitations on the Commission’s power to reopen awards. As such, we cannot find any statutory authority that would permit the Commission to reopen an approved settlement award after eight months to hear a petition for fees, where fees were already granted in the final decision.” 
Hoshor
, 283 Ill. App. 3d at 299.

Alvarado argues that this court should apply the reasoning of 
Hoshor
 and affirm the appellate court’s decision in this case. Although conceding that Goldstein was never given notice of the motion to consolidate, the motion to dismiss the 1996 claim, or the settlement of the claim, Alvarado nonetheless argues that the Commission lacked authority to reopen the settlement award because Goldstein did not commence a proceeding for review within 20 days of the Commission’s decision. Alvarado contends that in the absence of a timely petition for review, the Commission erred in reopening the award to grant Goldstein’s untimely petition for fees.

Goldstein and the Commission respond that the settlement award was not a final award because it did not resolve Goldstein’s fee petition, which was pending prior to the settlement of the claim. Because the fee petition remained pending, the approval of the 1999 settlement was not final and reviewable until the Commission resolved Goldstein’s fee petition. In the alternative, Goldstein and the Commission argue that the Commission had jurisdiction to consider Goldstein’s fee petition because the fee petition was a collateral matter distinct from the claim between Alvarado and his employer.
(footnote: 2)
 Upon review, we agree with Alvarado and the 
Hoshor
 court that the Commission’s approval of a settlement agreement becomes a final award after 20 days if no petition for review is filed, and that the Commission no longer has jurisdiction to reopen or reconsider an award beyond that date except as specifically provided in the Act. We disagree, however, that Goldstein’s fee petition in this case required the Commission to reopen or reconsider its final award. The settlement award at issue was between Alvarado and his employer, Central Die Casting, and included an award of $19,413.33 in attorney fees to Ribbeck. Once that award became final, the Commission was without jurisdiction to order Alvarado or Central Die Casting to pay attorney fees to Goldstein. In determining the fee dispute in this case, however, the Commission did not reopen or modify the final settlement to provide for an additional $1,350 in attorney fees. The Commission did not order Alvarado to pay Goldstein $1,350 in attorney fees, nor did the Commission order Central Die Casting to pay Goldstein $1,350 in attorney fees. Rather, pursuant to section 16a, the Commission ordered 
Ribbeck
 to pay Goldstein $1,350 from the $19,413.33 in attorney fees that 
Ribbeck
 had received pursuant to the settlement. This was a collateral matter that was distinct from the settlement between Alvarado and Central Die Casting. Under the circumstances, we hold that the Commission acted within its jurisdiction pursuant to sections 16 and 16a of the Act in ordering Ribbeck to pay Goldstein its fees. To the extent that the appellate court’s decision in 
Hoshor
 holds that once a settlement award becomes a final award, the Commission does not have jurisdiction to consider fee petitions or fee disputes between attorneys that are collateral to the approved settlement, that decision is hereby overruled.

In so holding, we caution that our decision today does not grant attorneys license to do nothing to protect their interest in attorney fees pending settlement of a claimant’s workers’ compensation claim. Although the Commission may have jurisdiction to consider a former attorney’s fee petition after an approved settlement or award becomes a final award, the Commission may nonetheless hold that the attorney failed to adequately protect his right to claim a portion of the attorney fees and deny that petition. Ultimately, the question of whether an attorney unreasonably delayed in filing a petition for attorney fees is a fact question for the Commission to decide. Our holding today is that, even where a settlement or award has become a final award, the Commission does have jurisdiction to resolve fee disputes pursuant to sections 16 and 16a of the Act as long as those disputes are collateral to the final award in the workers’ compensation claim.

Finally, we note that there is some merit to the argument of Goldstein and the Commission that the March 14, 2001, settlement of Alvarado’s claim was not final because Goldstein’s fee petition remained pending, so that the Commission retained jurisdiction to consider that petition. Indeed, the fact that Goldstein filed its fee petition prior to the settlement of Alvarado’s claim distinguishes this case from 
Hoshor
. We decline to decide the case on that basis, however, because the ramifications of such a holding would be contrary to the intent of the Act, as set forth in section 16a(A). Section 16a(A) provides that:

“In the establishment or approval of attorney’s fees in relation to claims brought under this Act, the Commission shall be guided by the provisions of this Section and by the legislative intent, hereby declared, to encourage settlement and prompt administrative handling of such claims and thereby reduce expenses to claimants for compensation under this Act.” 820 ILCS 305/16a(A) (West 2002).

See 
Board of Education of the City of Chicago v. Industrial Comm’n
, 93 Ill. 2d 1, 14 (1982) (overriding purpose of the Act “is to compensate claimants as early and as thoroughly as possible for income lost due to job-related injuries”).

As the Commission itself acknowledged during oral argument, it would be contrary to the intent of the Act to allow disputes between attorneys over fees to delay final settlement of an injured employee’s claim. Our holding, that disputes between attorneys over fees is a collateral matter which does not interfere with the finality of a settlement agreement, is consistent with the intent of the Act to encourage prompt settlement of workers’ compensation claims.

CONCLUSION

We find that the Commission had jurisdiction pursuant to sections 16 and 16a of the Act to consider Goldstein’s fee petition. The Commission, therefore, properly ordered Ribbeck to pay Goldstein $1,350 in attorney fees. Accordingly, we reverse the judgment of the appellate court, which vacated the judgment of the circuit court. We affirm the circuit court’s judgment confirming the Commission’s fee apportionment.

Appellate court judgment reversed;

circuit court judgment affirmed.

JUSTICE FREEMAN, specially concurring:

At issue is whether the Illinois Industrial Commission could award attorney fees to a claimant’s former attorneys several months after the Commission approved a settlement between the claimant and his employer. The majority holds that the Commission had jurisdiction to consider the former attorneys’ fee petition. In the majority’s view, the Commission properly ordered the claimant’s current attorney to pay the former attorneys a portion of the attorney fee award that the current attorney received pursuant to the settlement. I, too, believe that the Commission had jurisdiction to consider the fee petition at issue. Thus, I join in the result reached by the majority. I write separately, however, to distance myself from the majority’s analysis. In particular, under the majority’s analysis, the Commission’s jurisdiction hinges upon the source of payment of the attorneys’ fees rather than the type of action at issue. I believe that the majority’s solution to the question of jurisdiction is both incomplete and unworkable.

ANALYSIS

Goldstein filed an application for adjustment of claim on Alvarado’s behalf for injuries that Alvarado sustained while working for Central Die Casting. Subsequently, Alvarado retained new counsel, Ribbeck, who settled the claim for a lump-sum payment. As noted above, the majority holds that the Commission had jurisdiction to award Goldstein attorney fees several months after the Commission approved the lump-sum settlement between Alvarado and Central Die Casting. The majority reasons that the hearing on the fee petition was a collateral proceeding which did not require that the award to Alvarado be reopened. The majority emphasizes that the Commission ordered Ribbeck to pay the fees rather than Alvarado or Central Die Casting:

“The settlement award at issue was between Alvarado and his employer, Central Die Casting, and included an award of $19,413.33 in attorney fees to Ribbeck. Once that award became final, the Commission was without jurisdiction to order Alvarado or Central Die Casting to pay attorney’s fees to Goldstein. In determining the fee dispute in this case, however, the Commission did not reopen or modify the final settlement to provide for an additional $1,350 in attorney fees. The Commission did not order Alvarado to pay Goldstein $1,350 in attorney fees, nor did the Commission order Central Die Casting to pay Goldstein $1,350 in attorney fees. Rather, pursuant to section 16a, the Commission ordered 
Ribbeck
 to pay Goldstein $1,350 from the $19,413.33 in attorney fees that 
Ribbeck
 had received pursuant to the settlement. This was a collateral matter that was distinct from the settlement between Alvarado and Central Die Casting. Under the circumstances, we hold that the Commission acted within its jurisdiction pursuant to sections 16 and 16a of the Act in ordering Ribbeck to pay Goldstein its fees.” (Emphases in original.) Slip op. at 9.

I reiterate my agreement with the result reached by the majority. Pursuant to section 16 of the Workers Compensation Act (820 ILCS 305/16 (West 2002)), the Commission may determine the reasonableness and fix the amount of any fee of compensation charged by any person, including attorneys, for any service performed in connection with the Act. Further, section 16a of the Act provides that “[a]ny and all disputes regarding attorneys’ fees, whether such disputes relate to which one or more attorneys represents the claimant or claimants or is entitled to the attorneys’ fees, or a division of attorneys’ fees where the claimant or claimants are or have been represented by more than one attorney, or any other disputes concerning attorneys’ fees or contracts for attorneys’ fees, shall be heard and determined by the Commission after reasonable notice to all interested parties and attorneys.” 820 ILCS 305/16a (West 2002). I believe that a hearing on an attorney’s fee petition is in the nature of a supplemental proceeding, authorized by the Act, which does not affect the validity of the underlying compensation award to the claimant. So long as the attorney’s fee petition is pending at the time that the Commission makes its decision on the compensation award to the claimant, the Commission retains jurisdiction to determine the reasonableness and fix the amount of the fee charged by the attorney for services performed in connection with the application for adjustment of claim. The jurisdiction of the Commission is determined by the type of action at issue, a supplemental hearing on a petition for attorney fees.

In the present case, Goldstein filed its petition for fees on August 31, 1997. Thus, Goldstein’s petition was pending at the time the arbitrator approved the settlement agreement between Alvarado and Central Die Casting.
(footnote: 3) Because Goldstein’s fee petition was not resolved at the hearing on the settlement agreement, I believe that the Commission retained jurisdiction to fix the amount of Goldstein’s fee at a later date and provide either for payment of the fee from the compensation award or from monies already paid to Ribbeck from the compensation award. These payment options would not reopen the final settlement to increase the total compensation paid by Central Die Casting. Rather, the total compensation would be reapportioned in order to provide for payment of Goldstein’s fees by Ribbeck, if payment had already been forwarded to him, or by Alvarado.

While I agree with the majority that the Commission retained jurisdiction to consider Goldstein’s fee petition, for several reasons I believe that the majority’s analysis is problematic. First, the majority apparently makes subject matter jurisdiction in this case hinge upon the 
source of payment
 of the attorneys’ fees rather than the type of action at issue. According to the majority, the Commission had jurisdiction because the Commission was dealing only with Goldstein and Ribbeck, and the Commission ordered Ribbeck to pay Goldstein’s fees. I do not believe, however, that section 16a of the Act is limited to disputes between attorneys. See 820 ILCS 305/16a (West 2002). The section specifically refers to disputes relating to “which one or more attorneys represents the claimant or claimants or is entitled to the attorneys’ fees,” and disputes relating to “a division of attorneys’ fees where the claimant or claimants are or have been represented by more than one attorney.” But the section also refers to “
any other disputes
 concerning attorneys’ fees or contracts for attorneys’ fees.” (Emphasis added.) It is not inconceivable that such 
other disputes
 might involve the claimant and an attorney.

Limiting the Commission’s jurisdiction to disputes between attorneys is an incomplete and unworkable solution to the question of jurisdiction. Consider the scenario where a claimant discharges his attorney; the attorney files a fee petition; the claimant follows the same course of conduct as in the case at bar; and the arbitrator approves the lump-sum settlement without resolving the attorney’s fee petition. Is the Commission without jurisdiction thereafter to order the 
pro se
 claimant to pay the attorney’s fees from the settlement amount? Also, consider a scenario similar in all ways to the facts of the present case, with the exception that the settlement agreement provides for payment of all monies to the claimant.
(footnote: 4) A side agreement between the claimant and his attorney provides for payment of the attorney’s fees. Does the Commission lack authority to order the claimant to pay a portion of the compensation received through the settlement to the attorney who initially represented the claimant? Lastly, in making the second attorney liable to the first attorney for payment of the first attorney’s fees, I believe the majority is ignoring a problem that may be caused by slow, or nonexistent, payments from either the employer or the claimant to the second attorney. The second attorney will certainly not want to pay the first attorney monies that the second attorney has not yet received. Even considering that the second attorney may have a cause of action for his fees, will the second attorney necessarily pursue that cause of action, thereby protecting the first attorney’s share of the fees? I believe that it is problematic to tie jurisdiction to the 
source of payment
 rather than the 
type of action
 involved, that is, an action for attorney fees.

The position of the majority would also seem contrary to this court’s opinion in 
Collins v. Industrial Comm’n
, 12 Ill. 2d 200 (1957). In 
Collins
, U.S. Collins and George Traicoff, attorneys, represented the claimant before the Commission in proceedings arising out of the death of her husband. The arbitrator awarded the claimant compensation benefits on her own behalf and on behalf of her minor children, as well as medical and hospital expenses. No appeal being taken, the awards became final. On its own motion, on February 1, 1955, the Commission gave notice that a hearing would be set for the determination of attorney fees. Thereafter, on March 2, 1955, the claimant filed a petition for a lump-sum settlement in order to buy a house and to pay attorney fees. On March 4, 1955, the Commission sent separate notices for the hearing on the petition for lump-sum settlement and the hearing on attorney fees. The notice for the fee hearing designated the claimant as petitioner, and Collins and Traicoff as respondents. Following the hearing, on May 13, 1955, the Commission rejected the petition for lump-sum settlement. Two months later, on July 12, 1955, the Commission entered an order fixing the reasonable value of the services rendered by Collins and Traicoff at $300. Collins and Traicoff filed a writ of 
certiorari 
to review the Commission’s order. The circuit court quashed the writ upon the claimant’s motion.

On appeal, the court reversed, finding proper jurisdiction. We noted that by statute the circuit court has the “ ‘power to review all questions of law and fact presented’ ” by the record before the Commission. 
Collins
, 12 Ill. 2d at 202, quoting Ill. Rev. Stat. 1955, ch. 48, par. 138.19. The Commission is expressly authorized to fix the fees of attorneys for services performed in connection with the Act. The Act “thus contemplates that the matter of fees of attorneys is one of the questions of law or fact that may arise and be ‘presented by [the] record.’ ” 
Collins
, 12 Ill. 2d at 202. We also rejected the claim that judicial review is limited to “parties” and that the attorneys are not parties. We characterized the hearing on attorney fees as a 
supplemental hearing
 before the Commission, and judged that Collins and Traicoff were parties to the supplemental hearing at which their fees were determined. 
Collins
, 12 Ill. 2d at 202-03.

The majority cites 
Collins
 for the proposition that the circuit court has jurisdiction under the Act to review an award of attorney fees but fails to grasp two matters of import in the opinion. First, the 
Collins
 court would not have determined that the circuit court had jurisdiction to review the Commission’s fee award unless the court was also of the opinion that the Commission had jurisdiction to consider and determine the fees of Collins and Traicoff for the services rendered to the claimant. Second, the Commission designated the 
claimant and her attorneys as parties
 to the hearing on attorney fees; the attorneys sought judicial review; and the claimant opposed the circuit court’s jurisdiction. The real significance of 
Collins
, as it applies to the case at bar, is that after the arbitrator’s awards became final, the Commission retained jurisdiction to determine the attorneys’ fee issue in a proceeding which did not involve a dispute between attorneys but rather a 
dispute between the claimant and her attorneys
.

Second, the majority opinion is incomplete in that it does not address the lack of notice to Goldstein. There was a dispute as to the proper division of attorney fees since Alvarado was represented by two law firms, both of which were petitioning for fees. Where a fee dispute exists, section 16a(J) of the Act (820 ILCS 305/16a(J) (West 2002)) requires that notice be given to all interested parties and attorneys. Goldstein did not receive the required notice, and thus was unaware of the proceedings wherein the arbitrator approved the settlement agreement, awarding Ribbeck $19,413.33 in fees. An argument can be made that the Commission did not have the authority to approve the settlement agreement’s provision for attorney fees precisely because Goldstein was never notified of the proceedings.

Third, in outlining the instances when the Commission may reopen or modify a final award, the majority opinion fails to distinguish between decisions involving lump-sum awards or settlement contracts approved by the Commission, and decisions involving awards or settlement contracts approved by the Commission where payments are to be made in installments. See slip op. at 6 (“section 19(h) provides that where an employee’s disability has recurred, increased, diminished or ended, an agreement or award under the Act may be reviewed by the Commission”). A more accurate statement of the law is that an agreement or award providing for compensation in installments may, at any time within 18 months after such agreement or award, be reviewed by the Commission on the ground that the disability of the employee has recurred, increased, diminished or ended. However, when compensation that is payable in accordance with an award or settlement contract approved by the Commission is ordered paid in a lump sum by the Commission, no review is available. See 820 ILCS 305/19(h) (West 2002). The appropriate distinction is particularly necessary to avoid confusion since the present case involves a lump-sum settlement.

CONCLUSION

I join in the result reached by the majority, but not in its analysis. I believe that the jurisdiction of the Commission must turn upon the type of action at issue. To base the Commission’s jurisdiction upon the source of payment of the attorneys’ fee is to needlessly limit the Commission’s jurisdiction to fee disputes between attorneys, leaving aside other fee disputes that may arise under the Act. I also believe that the majority analysis is incomplete without a discussion of the lack of notice. Lastly, the majority sows confusion by failing to recognize the distinction between lump-sum settlements and settlements based upon installment payments. For these reasons, I cannot join fully the majority opinion.

JUSTICE McMORROW joins in this special concurrence.

FOOTNOTES
1:     
1
Despite the fact that Alvarado remains the named plaintiff-appellee, review of the Commission’s apportionment of attorney fees involves a dispute between the Commission, Goldstein and Ribbeck. For purposes of consistency, our opinion references the named appellee–Alvarado–even though the interests at issue in this appeal are primarily the interests of Ribbeck. Although Goldstein and Ribbeck were not parties to the underlying workers’ compensation claim, this court has recognized that the question of attorney fees is one of the questions of law or fact that might arise under the Act. 
Collins v. Industrial Comm’n
, 12 Ill. 2d 200, 202 (1957). Consequently, the circuit court has jurisdiction under the Act to review an award of attorney fees and, for purposes of such review, attorneys are “parties to the supplemental hearing at which their fees were determined.” 
Collins
, 12 Ill. 2d at 203.

2:     
2
In their briefs, Goldstein and the Commission also argued that Alvarado was equitably estopped from claiming that Goldstein’s fee petition was barred. At the oral argument of the case, however, the parties stated that they have elected to waive that argument.

3:     
3
I agree with the majority that the subterfuge of filing a new, but identical, claim in 1999 and dismissing the 1996 claim should not impact the 1997 fee petition in any way.

4:     
4
It should be noted that, by statute, all attorneys’ fees for representation of an employee shall only be recoverable from compensation actually paid to the employee. See 820 ILCS 305/16a(I) (West 2002).