2020 IL App (1st) 191017WC-U

No. 1-19-1017WC

Order filed June 30, 2020

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION
_____

| | | |
|---|---|---|
| SCOTT MITELSZTET, | ) | Appeal from |
|     Plaintiff-Appellee, | ) ) | Circuit Court of Cook County |
| v. | ) | No. 18L50132 |
| THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Andersen Logistics, | ) ) ) | |
|     Defendant-Appellant). | ) ) ) | Honorable Michael Francis Otto, Judge Presiding. |

_____

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Holdridge and Justices Hoffman, Hudson, and Barberis concurred in the judgment.

**ORDER**

*Held*: The Illinois Workers' Compensation Commission had jurisdiction to consider plaintiff's post-settlement petition for penalties and fees but was without jurisdiction to consider the parties' post-settlement petitions related to further payment of necessary medical services when the parties did not timely seek review of the award and specifically waived their rights to such benefits in the settlement agreement.

¶ 1      In June 2004, plaintiff, Scott Mitelsztet, age 37, was involved in a work-related motor vehicle accident while employed by defendant, Andersen Logistics. After plaintiff filed a

workers' compensation claim, in September 2010, the parties entered into a written settlement agreement. The parties contemplated that plaintiff would require future Medicare-covered medical benefits, so they agreed to leave open plaintiff's rights to medical benefits from defendant until such time as defendant funded a set-aside amount.

¶ 2        In May 2013, disputes began to arise about plaintiff's medical treatment. The set-aside amount had not yet been determined or approved by Medicare, so defendant had continued paying plaintiff's medical bills. Defendant claimed some of the medical bills were not related to the 2004 accident. Plaintiff disagreed and filed a "Petition for Medical Benefits Pursuant to Section 8(a)" and a "Petition for Penalties Pursuant to Section 19(k), 19(l), and Section 16 of the Illinois Workers' Compensation Act." Defendant filed a motion to terminate medical benefits.

¶ 3        In March 2017, the Illinois Workers' Compensation Commission (Commission) conducted an evidentiary hearing and, for the most part, ruled in defendant's favor. Plaintiff sought review of the Commission's decision with the Cook County circuit court. The circuit court found the Commission had no jurisdiction or authority to reopen the case in light of the settlement agreement. The court vacated the Commission's order and dismissed the case for lack of jurisdiction.

¶ 4        Here, defendant claims the circuit court erred in vacating the Commission's order for lack of jurisdiction. We affirm in part and reverse in part.

¶ 5                              I. BACKGROUND

¶ 6        On June 24, 2004, plaintiff was involved in a work-related automobile accident. He suffered injuries, mainly to his back. In January 2006, he underwent back surgery—a lumbar fusion and laminectomy. The surgery did not relieve his back pain, and he was diagnosed with failed back surgery syndrome. In February 2005, plaintiff filed an application for benefits pursuant

to the Illinois Workers' Compensation Act (Act) (820 ILCS 305/1 to 30 (West 2004)).

¶ 7        On September 9, 2010, the parties reached a settlement of the claim. In a written settlement agreement, the parties agreed to a lump sum amount to be paid to plaintiff monthly over the course of 35.2 years based on plaintiff's life expectancy. The agreement stated: "All parties agree to waive any rights under sections 19(h) and 8(a) of the [Act]." As part of the settlement agreement, the parties agreed defendant would submit a proposal for a Workers Compensation Medicare Set-Aside Arrangement (WCMSA) and keep section 8(a) medical benefits open until plaintiff could be paid a lump sum for the total of the approved amount or obtain a Medicare approved structured WCMSA. The agreement stated: "The parties agree that [plaintiff]'s rights to further medical treatment under section 8(a) of the Act will remain open until the date the approved WCMSA funds are tendered by [defendant] to [plaintiff] as a lump sum or on the date the seed money is paid to [plaintiff] as part of a structured WCMSA, at which time [plaintiff]'s [section] 8(a) rights will terminate."

¶ 8        Without funding the WCMSA, defendant continued to pay benefits until May 2013, at which time defendant became more selective about what treatment was being paid. On April 9, 2014, and amended on June 19, 2014, plaintiff filed a "Petition for Medical Benefits Pursuant to Section 8(a)" and a "Petition for Penalties Pursuant to Sections 19(k), 19(l), and Section 16 of the [Act]."

¶ 9        The parties disagreed about whether plaintiff was entitled to further medical benefits. For example, plaintiff suffered from varicose veins, the cause of which admittedly was not directly related to the accident. However, according to plaintiff's physician, the accident inhibited his functioning, leading to, as one physician described it, a very sedentary lifestyle. This sedentary lifestyle made him prone to deep vein thrombosis (DVT) or blood clots in deep veins in

his lower extremities. Plaintiff developed DVTs approximately a year and a half after his back surgery. As a result, plaintiff required a life-long regimen of an anticoagulant. On the other hand, the physicians hired by defendant believed plaintiff could continue to work, albeit in a sedentary-type position, which would help alleviate the risk of DVTs. Generally speaking, defendant claimed that any of plaintiff's medical issues that did not directly involve his back were not caused by the accident and were not subject to payment of benefits. Accordingly, on March 22, 2016, defendant filed a motion to terminate further medical benefits.

¶ 10    On March 22, 2017, the Commission, Joshua Luskin presiding, heard the pending petitions. On February 9, 2018, the Commission denied plaintiff's petition for further medical benefits except for one of plaintiff's prescription medications. The Commission denied plaintiff's request for penalties and fees. The Commission granted defendant's motion to terminate benefits but noted that defendant had offered to pay for a detoxification program should plaintiff stop taking narcotics for pain. The Commission held that "[s]hould any detoxification program accepted by [plaintiff] prove ineffective, nothing in this opinion and order precludes [plaintiff] from filing a new section 8(a) petition for other or additional treatment."

¶ 11    Plaintiff filed a petition for review of the Commission's decision with the Cook County circuit court. He argued (1) his current medical conditions and prescription medications were related to his 2004 work-related motor vehicle accident, (2) the Commission erred in denying his request for penalties and fees, and (3) the Commission erred in giving defendant the choice to either fund the WCMSA or keep medical benefits "open for life." Defendant argued plaintiff forfeited his third argument by raising it for the first time in the proceeding for review. Otherwise, defendant argued the Commission's decision should be affirmed in full.

¶ 12    On February 20, 2019, the circuit court ordered the parties to provide supplemental

briefing on whether the Commission had "the authority to issue findings as to medical treatment after a settlement between the parties ha[d] become final." The parties did so, and both agreed the Commission had jurisdiction and the authority to resolve the issues presented in their respective post-settlement petitions.

¶ 13        On April 17, 2019, the circuit court disagreed with the parties and found the Commission had no jurisdiction to enter its decision when the parties had, in their settlement agreement, specifically waived their section 8(a) rights. The court vacated the Commission's decision in full and dismissed the case.

¶ 14        This appeal followed.

¶ 15                                II. ANALYSIS

¶ 16        Defendant appeals the circuit court's lack-of-jurisdiction decision. We note plaintiff did not file a brief in this appeal. However, based on the parties' stated positions on this issue in the circuit court, we assume the parties remain in agreement with each other that the Commission indeed had jurisdiction and the authority to enter its February 2018 order.

¶ 17        This appeal arises from the circuit court's *sua sponte* dismissal of plaintiff's proceeding for review. The circuit court vacated the Commission's decision, effectively rendering it void, after finding that the Commission lacked subject-matter jurisdiction. See *Board of Education of the City of Chicago v. Board of Trustees of the Public Schools Teachers' Pension & Retirement Fund of Chicago*, 395 Ill. App. 3d 735, 739 (2009) (a decision rendered by an administrative body which lacks jurisdiction or the authority to make the decision is void and may be attacked at any time or in any court). Whether the Commission had subject matter jurisdiction is a question of law that we review *de novo*. *Crossroads Ford Truck Sales v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 26.

¶ 18        "The [C]ommission is an administrative body created by legislative enactment for the purpose of administering the [Act]." *Trigg v. Industrial Comm'n*, 364 Ill. 581, 587 (1936); see also *Alvarado v. Industrial Comm'n*, 216 Ill. 2d 547, 553 (2005); *Michelson v. Industrial Comm'n*, 375 Ill. 462, 466 (1941). As such, the Commission lacks the inherent powers of a court and can only make such orders as are within the powers granted to it by the legislature. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2015 IL 117443, ¶ 16; *Michelson*, 375 Ill. at 466-67. Consequently, when the Commission acts outside of its specific statutory authority, it acts without jurisdiction. *Alvarado*, 216 Ill. 2d at 553-54.

¶ 19        As this court stated in *Millennium Knickerbocker Hotel v. Illinois Workers' Compensation Comm'n*, 2017 IL App (1st) 161027WC, ¶ 19:

> "Section 19(f) of the Act (820 ILCS 305/19(f) (West 2012)) provides that '[t]he decision of the Commission acting within its powers *** shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided.' The Act further provides that review of a decision of the Commission shall be had in the circuit court and shall be commenced 'within 20 days of the receipt of notice of the decision of the Commission.' 820 ILCS 305/19(f)(1) (West 2012). As our supreme court has recognized, a settlement contract approved by the Commission has the same legal effect as an award entered by the Commission. [Citations.] Thus, a settlement contract approved by the Commission becomes a final award after 20 days if no petition for review is filed in the circuit court. [Citations.] In the present case, the Commission approved the settlement contract on October 27, 2011, and neither party sought judicial review thereof. Thus, the settlement contract at issue constitutes a final award under the Act."

¶ 20          In this case, the Commission approved the settlement agreement on September 9, 2010. Neither party sought review of the Commission's decision in the circuit court within the requisite 20 days. Thus, the settlement agreement approved by the Commission became a final award since no petition for review was timely filed in the circuit court. See *Millennium Knickerbocker*, 2017 IL App (1st) 161027WC, ¶ 19.

¶ 21          Under the Act, the Commission has no power to enforce payment of its own award. *Millennium Knickerbocker*, 2017 IL App (1st) 161027WC, ¶ 21. Rather, the only method to enforce a final award of the Commission is in the circuit court pursuant to section 19(g) of the Act (820 ILCS 305/19(g) (West 2012) (either party may present a copy of the arbitrator's or Commission's final award to the circuit court to enforce payment as provided in the award)).

¶ 22          Here, plaintiff's petition sought medical payments pursuant to section 8(a) of the Act. In essence, plaintiff sought an order requiring defendant to continue paying the open medical benefits per the settlement agreement. However, the Commission had no jurisdiction to consider plaintiff's petition or to enforce the terms of the settlement agreement because the Commission's order became a final award and, after 20 days, the Commission lost jurisdiction to enforce the agreement. Further, the parties expressly agreed "to waive any rights under [s]ections 19(h) and 8(a) of the [Act]." The parties' failure to challenge the settlement agreement in a timely manner, coupled with the expressed waiver provision in the settlement agreement, deprived the Commission of jurisdiction to consider plaintiff's petition. See *Gassner v. Raynor Manufacturing Co.*, 409 Ill. App. 3d 995, 999 (2011) ("The Commission found, however, that it lacked subject matter jurisdiction to hear the case, because the settlement contract stated that all statutory rights of review, including but not limited to the 'rights under sections 8(a) and 19(h) of the Act, are expressly and mutually waived.' ").

¶ 23　　　　Although the Commission was without authority to interpret and enforce the terms of the settlement agreement, the Commission *was* authorized to assess penalties and attorney fees under the Act against any party who failed to comply with the terms of a final settlement agreement approved by the Commission. *Loyola University of Chicago v. Illinois Workers' Compensation Comm'n*, 2015 IL App (1st) 130984WC, ¶ 18. Thus, the Commission had the authority to consider plaintiff's sections 16, 19(k), and 19(l) petition for penalties and fees based upon defendant's alleged "negligent, unwarranted, and unreasonable refusal to pay medical benefits." *Millennium Knickerbocker*, 2017 IL App (1st) 161027WC, ¶¶ 28-30 (the Commission had jurisdiction to consider claimant's request for the imposition of penalties pursuant to sections 19(k) and 19(l) of the Act (820 ILCS 305/19(k), 19(l) (West 2012)) and attorney fees pursuant to section 16 of the Act (820 ILCS 305/16 (West 2012)).

¶ 24　　　　　　　　　　　　III. CONCLUSION

¶ 25　　　　For the reasons stated, we affirm in part the circuit court's judgment, which vacated the Commission's decision relating to plaintiff's petition filed pursuant to section 8(a) of the Act. We find the circuit court, pursuant to section 19(g) of the Act, is the proper venue to seek enforcement of a Commission's final award. Further, we reverse in part the circuit court's judgment, which vacated the Commission's decision relating to plaintiff's petition filed pursuant to sections 16, 19(k), and 19(l) of Act seeking penalties and attorney fees. We reinstate the Commission's decision relating to plaintiff's request for penalties and attorney fees and remand to the circuit court for further action consistent with this ruling.

¶ 26　　　　Circuit court judgment affirmed in part, reversed in part; Commission decision reinstated in part; cause remanded.