CASSENS TRANSPORT COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Edwin J. Ade, Appellee).

Fourth District (Industrial Commission Division)   No. 4—04—0157WC

Opinion filed January 10, 2005.—Rehearing denied February 10, 2005.

HOLDRIDGE, J., specially concurring.

Paul A. Krauter (argued), of Roddy, Leahy, Guill & Zima, Ltd., of Chicago, for appellant.

Jon E. Rosenstengel (argued), of Bonifield & Rosenstengel, P.C., of Belleville, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On August 24, 1998, claimant, Edwin Ade, injured his left hand while working for Cassens Transport Company (employer) and sought compensation under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2000)). The Illinois Industrial Commission (Commission) awarded claimant wage differential benefits in the amount of $203.55 per week pursuant to section 8(d)(1) of the Act, which was confirmed on review.

On May 29, 2003, employer filed a motion before the Commission, seeking an order to suspend wage differential benefits that had been awarded to claimant. The employer asserted claimant had failed to respond to requests to provide income tax returns to determine whether a wage loss still existed. On October 7, 2003, the Commission denied employer's motion. The Commission found that the term "dis-

ability" as used in section 8(d)(1) refers to only physical and mental disability, and not to economic disability, citing to *Petrie v. Industrial Comm'n*, 160 Ill. App. 3d 165, 513 N.E.2d 104 (1987). As there was no allegation that there was a change in claimant's physical condition, the Commission found there was no basis for suspending payments. On February 9, 2004, the Coles County circuit court affirmed the Commission's order. The court stated:

> "The [c]ourt hereby denies [employer's] review to overturn the October 7, 2003[,] [d]ecision of the [Commission] and in support thereof relies upon the case of *Petrie v. Industrial Commission*, 130 Ill. App. 3d 165, 513 N.E.2d 104, 111 Ill. Dec. 858 (3rd Dist. 1987), that the term [']disability['] as used in [s]ection 8(d)(1) of the [Act] refers only to physical and mental disability[,] and not economic disability. The [c]ourt also relies on *Joesel v. Chicago Park District*, 98 IIC 0129, which notes that there is an inability to alter an award under [s]ection 8(d)(1) at a later date, as well as *Manis v. Industrial Commission*, 230 Ill. App. 3d 657, 595 N.E.2d 158 (1st Dist. 1992) which makes it clear that the term 'disability' means physical disability and not economic disability."

On appeal to this court, employer contends that the Commission improperly interpreted the meaning of "disability" under section 8(d)(1) of the Act. Section 8(d)(1) provides:

> "If, after the accidental injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in cases compensated under the specific schedule set forth in paragraph (e) of this [s]ection, receive compensation for the duration of his disability, subject to the limitations as to maximum amounts fixed in paragraph (b) of this [s]ection, equal to 66-2/3% of the difference between the average amount which he would be able to earn in the full performance of his duties in the occupation in which he was engaged at the time of the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident." 820 ILCS 305/8(d)(1) (West 2002).

The employer contends that the term "disability" in section 8(d)(1) means an economic disability because this section bases compensation on an individual's loss of earnings. The employer points out that an injured worker has a choice of sections to seek recovery under. For example, instead of seeking an award for lost wages, an injured worker could seek recovery based solely on the extent of physical disability under section 8(e) for loss of enumerated body parts or section 8(d)(2) for person as a whole. In contrast, section 8(d)(1) takes into account a worker's change in earnings. The employer contends that "disability" under this section should, therefore, encompass economic standing.

The Commission, and the circuit court, rejected the argument that disability includes economic standing, relying on *Petrie v. Industrial Comm'n*, 160 Ill. App. 3d 165, 513 N.E.2d 104 (1987). In *Petrie*, a worker sustained injuries to his right index and middle fingers. At arbitration, the claimant requested an award for impaired earning capacity under section 8(d)(1) but was awarded an amount for percentage of loss of man as a whole under section 8(d)(2) of the Act. *Petrie*, 160 Ill. App. 3d at 168, 513 N.E.2d at 106. Subsequently, the claimant filed a petition under section 19(h) for review. The Commission denied the section 19(h) petition finding that there had been no medical evidence of change in physical condition or evidence of change in circumstances. *Petrie*, 160 Ill. App. 3d at 168, 513 N.E.2d at 106.

This court affirmed, and although we found the arbitrator's decision to be *res judicata*, the substantive issues presented by the claimant's appeal were addressed. *Petrie*, 160 Ill. App. 3d at 170, 513 N.E.2d at 108. The substantive issue in *Petrie*, relevant to our discussion, was whether an increase in economic disability alone was a proper basis for modification of an award under section 19(h). In *Petrie*, the claimant argued that he was entitled to a more accurate award due to an increase in his economic disability. This court pointed out that the claimant was not able to cite to any authority that the term "disability" as used in section 19(h) included economic standing. *Petrie*, 160 Ill. App. 3d at 171, 513 N.E.2d at 108. We did note, however, that in some jurisdictions a change in economic conditions can result in an alteration of an award even if the physical condition of an injured party had not changed. *Petrie*, 160 Ill. App. 3d at 171, 513 N.E.2d at 108, citing 3 A. Larson, Workmen's Compensation, § 81.31(e), at 15— 554.30 (1983). We found that in none of these jurisdictions had the term "disability" been interpreted as in section 19(h) of the Act. *Petrie*, 160 Ill. App. 3d at 171, 513 N.E.2d at 108. We declined to include economic status in the interpretation of disability and noted that when the economic status of a claimant was referenced in the Act, the legislature used additional language or a different term than "disability." *Petrie*, 160 Ill. App. 3d at 171-72, 513 N.E.2d at 108-09. The term "disability" referred to mental and physical condition and not economic status. *Petrie*, 160 Ill. App. 3d at 171, 513 N.E.2d at 108.

The employer asserts that discussion of "disability" in *Petrie* was confined to the term's meaning under section 19(h). This assertion ignores the court's analysis. The interpretation of "disability" in *Petrie* was based on the consistent use of other terms throughout the Act when referring to economic status.

"We decline to adopt Professor Larson's interpretation of the term [']disability['] as used in section 19(h) of the Act. The Act

must be read as a whole and courts must adopt the practical interpretation intended by the legislature. [Citation.] From our review of the Act[,] we conclude that when the legislature used the term 'disability' in section 19(h) it was referring to physical and mental disability and not economic disability. This intent is evident by reference to the following sections: section 1(b)(3) refers to an employee's 'cause of action by reason of any injury, disablement or death'; section 8(d)(1) states that an injured employee who 'becomes partially incapacitated from pursuing his usual and customary line of employment *** shall *** receive compensation for the duration of his disability'; section 8(d)(2) refers to injuries which 'disable [the employee] from pursuing other suitable occupations'; and section 12 provides that an injured employee must submit to a physical examination on request of the employer for the purpose of determining the nature, extent, and duration of the injury and for the purpose of determining the amount of compensation due 'for disability.' [Citation.] On the other hand, when the legislature intended to refer to something other than physical and mental disability, it used different or additional language: sections 6(c)(1) and 8(h—1) refer to 'legal disability'; and section 8(d)(2) refers to 'impairment of earning capacity.' [Citation.] We conclude, therefore, that a change in physical or mental condition is a prerequisite for a section 19(h) petition." *Petrie*, 160 Ill. App. 3d at 171-72, 513 N.E.2d at 106-07.

There is no reason to limit the interpretation of "disability" in *Petrie* to section 19(h). "Disability" has the same definition for purposes of review of wage differential benefits under section 8(d)(1). We conclude the Commission and consequently this court lack subject-matter jurisdiction.

"The power of the Commission to review an award comes from the Act itself, which creates the Commission's authority and fixes the time when such authority must be exercised." *Eschbaugh v. Industrial Comm'n*, 286 Ill. App. 3d 963, 967, 677 N.E.2d 438, 441 (1996). Section 19(h) is one of only two provisions (also section 19(f)) in the Act that grants the Commission the power to reopen or modify a final decision. *Alvarado v. Industrial Comm'n*, 347 Ill. App. 3d 352, 355-56, 807 N.E.2d 494, 497-98 (2004).

Section 19(h) requires that a request for review be filed within 30 months from the date of the award. The plain language of the provision suggests that the requirement is jurisdictional. 820 ILCS 305/19(h) (West 2002). This conclusion is directly supported by *Eschbaugh*.

In *Eschbaugh*, the Commission dismissed the claimant's section 19(h) petition for lack of subject-matter jurisdiction, finding that her petition was not timely filed within the 30-month period. The circuit

court confirmed the Commission's decision and the claimant appealed. *Eschbaugh*, 286 Ill. App. 3d at 964, 677 N.E.2d at 439. The appellate court affirmed, concluding that the 30-month period recited in section 19(h) was in fact jurisdictional and not a statute of limitations. *Eschbaugh*, 286 Ill. App. 3d at 968, 677 N.E.2d at 442. "As such, the Commission is necessarily divested of its review jurisdiction for change of disability 30 months after agreement or award of compensation." *Eschbaugh*, 286 Ill. App. 3d at 968, 677 N.E.2d at 442.

In determining the Commission was without jurisdiction in this case, two points are key. First, employer acknowledges that it brought its petition to modify "under Section 8(d)(1), not Section 19(h)." As stated above, section 8(d)(1) is not one of the two provisions allowing the Commission to reopen or modify a final decision. Second, even if we view employer's action as being filed under section 19(h), it failed to file the petition within the jurisdictional 30-month period. Accordingly, neither the Commission nor this court has jurisdiction in the instant case. Any relief sought because of economic changes must first be the subject of legislative action.

For the reasons stated, we dismiss the appeal from the circuit court of Coles County, vacate the decision of the Industrial Commission, and dismiss the employer's motion.

Appeal dismissed; decision of the Industrial Commission vacated; and employer's motion to suspend wage differential benefits dismissed.

HOFFMAN, CALLUM, and GOLDENHERSH, JJ., concur.

JUSTICE HOLDRIDGE, specially concurring:
I agree with the majority's conclusion that this appeal should be dismissed for lack of jurisdiction. Since jurisdiction is lacking, I see no reason to address the merits of the claim as the majority does. Such discussion is merely *obiter dictum*.

Additionally, I note that our conclusion regarding jurisdiction does not preclude an employer, beyond the 30-month period prescribed in section 19(h), from terminating wage differential benefits at the employer's own peril based on a belief that the claimant no longer satisfies the continuing disability element of section 8(d)(1). See 820 ILCS 305/8(d)(1) (West 2002) (wage differential payments apply only "for the duration of [the claimant's] disability").