Docket No. 100183.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

CASSENS TRANSPORT COMPANY, Appellant, v. THE
INDUSTRIAL COMMISSION *et al*. (Edwin
Ade, Appellee).

*Opinion filed February 17, 2006.*

JUSTICE GARMAN delivered the judgment of the court, with
opinion.

Chief Justice Thomas and Justices Freeman, McMorrow,
Fitzgerald, and Kilbride concurred in the judgment and opinion.

Justice Karmeier took no part in the decision.

## OPINION

The Industrial Commission made an award to an injured worker,
Edwin Ade, in 1993. The award required Ade's former employer,
Cassens Transport Company, to pay Ade a weekly wage differential
on a continuing basis. Ten years later, Cassens sought to terminate
that award on the grounds that Ade's wage in the year 2002 matched
the wage he had been earning at the time of his injury in 1988. The
Commission denied this relief. The circuit court of Coles County
confirmed the Commission. The appellate court vacated this decision,
finding that the Commission lacked jurisdiction to review Ade's
award. 354 Ill. App. 3d 807. We granted Cassens' petition for leave to
appeal. 177 Ill. 2d R. 315.

BACKGROUND

On August 24, 1988, employee Edwin Ade injured his left hand while working for employer Cassens Transport Company. As compensation for this injury, the Illinois Industrial Commission[1] awarded Ade wage differential benefits in the amount of $203.55 per week. Although evidence of the initial proceeding is absent from the record in this appeal, the parties' briefing indicates that the Commission made its award pursuant to section 8(d)(1) of the Workers' Compensation Act (820 ILCS 305/8(d)(1) (West 2002)). This section provides that an employee who is partially incapacitated from pursuing his usual and customary line of employment shall receive a portion of the difference between his former wages and the wages he earns or is able to earn in his new employment. 820 ILCS 305/8(d)(1) (West 2002). An employee receiving an installment award under section 8(d)(1) is entitled to compensation "for the duration of his disability." 820 ILCS 305/8(d)(1) (West 2002).

A decade after Ade's injury, Cassens renewed its interest in Ade's case. In the years 1999 and 2000, Cassens requested Ade's income tax returns. Ade declined to disclose this information. Cassens then filed a motion with the Commission, requesting that it suspend Ade's benefits based on his refusal to provide current wage information. The Commission denied this motion. While Cassens' appeal to the circuit court was pending, the company served a subpoena on Ade's current employer and obtained 11 years of information about Ade's wages. The wage information revealed that in the year 2002, 14 years after he was injured as a Cassens employee, Ade began to earn a wage that exceeded the wage Cassens paid him at the time of his injury.

Cassens terminated the appeal of its original motion to suspend Ade's benefits. It filed a new motion to suspend benefits, arguing that the wage discrepancy which gave rise to Ade's award under section 8(d)(1) no longer existed. The Commission again denied Cassens' motion. The Commission relied on an appellate court case, *Petrie v.*

---

[1]The Industrial Commission is now known as the Illinois Workers' Compensation Commission. 820 ILCS 305/13 (West 2004).

*Industrial Comm'n*, 160 Ill. App. 3d 165 (1987), to determine that the section 8(d)(1) phrase "for the duration of his disability" refers to the duration of the employee's physical or mental disability, not the duration of an economic loss. Thus, the alleged change in Ade's earnings was irrelevant.

The circuit court of Coles County denied Cassens' motion to overturn the decision of the Commission, echoing the Commission's rationale. On appeal, the appellate court vacated the decision of the Commission and dismissed Cassens' motion to suspend benefits, finding that the Act did not give the Commission or the court jurisdiction to entertain the motion. 354 Ill. App. 3d at 811. The appellate court relied on section 19(h) of the Act, which requires requests for review based on a change in disability to be filed within 30 months of the date of an award. 354 Ill. App. 3d at 810, citing 820 ILCS 305/19(h) (West 2002). The court determined that the "duration" language in section 8(d)(1) of the Act did not give the Commission jurisdiction to reopen or modify an award after the 30-month period of section 19(h). 354 Ill. App. 3d at 811.

However, before dismissing the appeal, the court addressed Cassens' argument that the definition of "disability" in section 8(d)(1) includes economic loss. The court noted that while *Petrie* addressed the definition of "disability" in section 19(h) of the Act (820 ILCS 305/19(h) (West 2002)), it did so by examining the use of language throughout the Act. 354 Ill. App. 3d at 809. The *Petrie* court determined that "disability" means "physical disability" because the Act consistently uses other terms when referring to economic status. 354 Ill. App. 3d at 809, citing *Petrie*, 160 Ill. App. 3d at 171-72. Thus, the section 8(d)(1) language addressing the duration of a disability refers to the duration of a physical disability. 354 Ill. App. 3d at 809. In a special concurrence, one justice noted that this discussion of the merits was *dictum*. 354 Ill. App. 3d at 811 (Holdridge, J., specially concurring). The special concurrence also noted that the court's holding on jurisdiction did not prevent an employer from unilaterally terminating benefits based on a belief that the duration of a claimant's disability had ended. 354 Ill. App. 3d at 311 (Holdridge, J., specially concurring).

The appellate court denied Cassens' petition for rehearing, but filed a statement that the case involves a substantial question

warranting consideration by this court. We granted Cassens' petition for leave to appeal. 177 Ill. 2d R. 315.

## ANALYSIS

This case requires us to interpret section 8(d)(1) of the Workers' Compensation Act (820 ILCS 305/8(d)(1) (West 2000)). This is a matter of statutory construction, presenting a question of law that we review *de novo*. *R.D. Masonry, Inc. v. Industrial Comm'n*, 215 Ill. 2d 397, 402 (2005). In interpreting the Act, our primary goal is to ascertain and give effect to the intent of the legislature. *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 232 (2001). We determine this intent by reading the statute as a whole and considering all the relevant parts. *Sylvester*, 197 Ill. 2d at 232; *Flynn v. Industrial Comm'n*, 211 Ill. 2d 546, 555 (2004) (declining to read section 8(d)(1) in isolation). We must construe the statute so that each word, clause, and sentence is given a reasonable meaning and not rendered superfluous, avoiding an interpretation that would render any portion of the statute meaningless or void. *Sylvester*, 197 Ill. 2d at 232. We interpret the Act liberally to effectuate its main purpose: providing financial protection for injured workers. *Flynn*, 211 Ill. 2d at 556.

This appeal presents the threshold question of whether the Workers' Compensation Commission has jurisdiction to reopen or modify a 10-year-old wage differential award. Cassens argues that section 8(d)(1) grants extended jurisdiction by allowing an employee to receive compensation "for the duration of his disability." 820 ILCS 305/8(d)(1) (West 2002). Cassens argues that the use of this phrase suggests that the Commission may modify an award whenever a disability no longer exists.

In determining whether section 8(d)(1) of the Act allows limitless modifications to an installment award for partial disability, we are mindful that the Workers' Compensation Commission is an administrative agency, lacking general or common law powers. *Alvarado v. Industrial Comm'n*, 216 Ill. 2d 547, 553 (2005), citing *City of Chicago v. Fair Employment Practices Comm'n*, 65 Ill. 2d 108, 113 (1976). Because its powers are limited to those granted by the legislature, any action taken by the Commission must be specifically authorized by statute. *Alvarado*, 216 Ill. 2d at 553, citing *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n*, 136 Ill. 2d 192, 243 (1989). An act that is

unauthorized is beyond the scope of the agency's jurisdiction. *Alvarado*, 216 Ill. 2d at 553-54, citing *Business & Professional People*, 136 Ill. 2d at 243.

Section 18 of the Act authorizes the Commission to settle all questions arising under the Act (820 ILCS 305/18 (West 2002)), and section 19 establishes the procedure by which the Commission is authorized to do so (820 ILCS 305/19 (West 2002)). Section 19(f) of the Act provides that a decision of the Commission is conclusive unless a proceeding for review is commenced within 20 days of receipt of notice of the decision. 820 ILCS 305/19(f) (West 2002). Thus, the Commission may modify a conclusive decision only where the Act specifically authorizes it to do so.

This court recently noted that the Act specifies only two instances where the Commission may modify a final award. *Alvarado*, 216 Ill. 2d at 555. Section 19(f) gives the Commission limited authority to correct clerical errors. 820 ILCS 305/19(f) (West 2002); *Alvarado*, 216 Ill. 2d at 555. Section 19(h) gives the Commission authority to review an installment award within 30 months of its entry when a party alleges that the employee's disability has recurred, increased, diminished, or ended. 820 ILCS 305/19(h) (West 2002); *Alvarado*, 216 Ill. 2d at 555. Cassens argues that section 8(f) of the Act provides a third route to modification of a final award, one which Cassens analogizes to extended jurisdiction under section 8(d)(1).

We note first that the plain language of section 8(d)(1), which authorizes compensation to an injured worker "for the duration of his disability," does not mention modification of a final award. In accordance with our responsibility to read the Act as a whole (*Sylvester*, 197 Ill. 2d at 232; *Flynn*, 211 Ill. 2d at 555), we examine each provision which does specifically authorize the Commission to reopen a final award.

Section 19(f) allows modifications to correct clerical errors:

> "(f) *** [T]he Arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Arbitrator or any decision on review of the Commission and shall have the power to recall the original award on arbitration or decision on review, and issue in lieu thereof such corrected award or

decision." 820 ILCS 305/19(f) (West 2002).

Section 19(h) allows the Commission to reopen any installment award for a limited time:

> "(h) ***
>
> *** [A]s to accidents occurring subsequent to July 1, 1955, which are covered by any agreement or award under this Act providing for compensation in installments made as a result of such accident, such agreement or award may at any time within 30 months after such agreement or award be reviewed by the Commission at the request of either the employer or the employee on the ground that the disability of the employee has subsequently recurred, increased, diminished, or ended." 820 ILCS 305/19(h) (West 2002).

Section 8(f) authorizes the reassessment of any award for total and permanent disability:

> "(f) In case of complete disability, which renders the employee wholly and permanently incapable of work, or in the specific case of total and permanent disability as provided in subparagraph 18 of paragraph (e) of this Section, compensation shall be payable at the rate provided in subparagraph 2 of paragraph (b) of this Section for life.
>
> ***
>
> If any employee who receives an award under this paragraph afterwards returns to work or is able to do so, and earns or is able to earn as much as before the accident, payments under such award shall cease. If such employee returns to work, or is able to do so, and earns or is able to earn part but not as much as before the accident, such award shall be modified so as to conform to an award under paragraph (d) of this Section. If such award is terminated or reduced under the provisions of this paragraph, such employees have the right at any time within 30 months after the date of such termination or reduction to file petition with the Commission for the purpose of determining whether any disability exists as a result of the original accidental injury and the extent thereof." 820 ILCS 305/8(f) (West 2002).

Each of these provisions includes language that is tailored to authorize a review proceeding. Section 19(f) specifically gives the

arbitrator and Commission the power to recall an award. Section 19(h) allows either party to petition for review of an installment award within 30 months of its issuance. Section 8(f) indicates that employers may cease payments when a totally and permanently disabled employee returns to the workforce, giving the employee authorization to petition the Commission for a review of the award. The plain language of each section alerts employers and employees to when review may be had and how to obtain it. In contrast, section 8(d)(1) contains no language about review proceedings:

> "(d) 1. If, after the accidental injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall *** receive compensation for the duration of his disability *** equal to 66-⅔% of the difference between the average amount which he would be able to earn in the full performance of his duties in the occupation in which he was engaged at the time of the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident." 820 ILCS 305/8(d)(1) (West 2002).

The language of section 8(d)(1) does not authorize either party to petition for review of an award, as section 19(h) does. It does not authorize the Commission to recall an award, as section 19(f) does. Nor does it authorize an employee to petition for review, as section 8(f) does. It would be inappropriate for us to read one of these procedures into section 8(d)(1) when the legislature has included none of them in that section. Reading the Act as a whole, we hold that section 8(d)(1) does not specifically authorize the Commission to reopen final installment awards for partial disability. Thus, the Commission does not have jurisdiction under section 8(d)(1) to reopen Ade's final award. Our holding is based on the statutory interpretation of section 8(d)(1) and does not affect the operation of other sections of the Act.

Cassens has asked the Commission to reopen an installment award based on the allegation that Ade's disability has diminished or ended. Section 19(h) authorizes the Commission's jurisdiction for this purpose, but only for 30 months following the award's issuance, a time limit that Cassens has exceeded. 820 ILCS 305/19(h) (West

2002); see also *Cuneo Press, Inc. v. Industrial Comm'n*, 51 Ill. 2d 548, 549-50 (1972) (declining to rely on public policy to enlarge section 19(h) review period). Cassens also argues that section 8(f), which allows totally and permanently disabled employees to petition for review, implies that a review proceeding would also be appropriate for partial disability under section 8(d)(1). However, the presence of section 8(f)'s specific authorization actually defeats this argument. The language of section 8(f), which gives the Commission jurisdiction to determine whether a total and permanent disability continues to exist, shows that the legislature could have similarly authorized ongoing review of permanent partial disability if it had intended to do so.

Cassens argues that if the Commission does not have the ability to modify an award under section 8(d)(1), then the section 8(d)(1) statutory language authorizing an employee's wage differential "for the duration of his disability" is meaningless. Ade, in his brief, argues that by making the award, the Commission determines that the duration of the disability is permanent. Alternatively, he argues that the duration clause gives an employer the option of terminating an award once it unilaterally determines that the disability no longer exists. At oral argument, counsel for Ade offered a third possible interpretation of the duration clause, arguing that it gives the Commission jurisdiction to modify an award upon an allegation that a physical disability has ended, but not upon an allegation that the recipient's economic circumstances have changed.

We reject the assertion that the duration clause of section 8(d)(1) is meaningless if it does not grant jurisdiction to modify an award in perpetuity. Rather, the duration clause is meaningful to the Commission's initial determination of the proper award in any section 8(d)(1) case. By its plain language, it allows arbitrators and the Commission the option of determining that a claimant's disability is likely to end, abate, or increase after a certain duration, and awarding compensation accordingly. See, *e.g.*, *Phillips v. Consolidated Personnel Corp.*, Ill. Workers' Compensation Comm'n, No. 01WC 59242 (May 25, 2005) (awarding worker three separate section 8(d)(1) wage differential awards for three separate durations).

In the same way that trial judges and juries have one opportunity to set an appropriate tort award for lost wages, arbitrators and the

Commission must determine an appropriate wage differential in the original workers' compensation proceeding, without authorization to reexamine an award in perpetuity. As we have noted, permitting employers to litigate *ad infinitum* does not comport with the Act's overriding purpose of early and thorough compensation for income lost due to job-related injuries. *Board of Education of the City of Chicago v. Industrial Comm'n*, 93 Ill. 2d 1, 14 (1982). Although Cassens argues that this lack of jurisdiction is purely to the advantage of the employee, we note that the Act similarly gives the Commission no jurisdiction to reopen an installment award if an employee's wages should fall below the level contemplated in the initial award. See *Forest City Erectors v. Industrial Comm'n*, 264 Ill. App. 3d 436, 441 (1994). Instead, the Act establishes that employees and employers alike must use the opportunity of their initial hearing to present evidence showing the likely duration of an injury and its effect on the claimant's earning capacity. See 820 ILCS 305/19 (West 2002) (establishing procedure for resolving disputed questions of law and fact).

Cassens stated at oral argument that jurisdiction to reopen an installment award under section 8(d)(1) would not be problematic because the appropriateness of an installment award can be continuously redetermined by a simple examination of the claimant's annual income tax return. However, this reflects an overly limited view of the Commission's role when making an initial award. To receive an award under section 8(d)(1), an injured worker must prove (1) that he or she is partially incapacitated from pursuing his or her usual and customary line of employment and (2) that he or she has suffered an impairment in the wages he or she earns or is able to earn. 820 ILCS 305/8(d)(1) (West 2002). This court has held that the second prong of the inquiry properly focuses on earning capacity, rather than the dollar amount of an employee's take-home pay. *Sroka v. Industrial Comm'n*, 412 Ill. 126, 128 (1952). In *Franklin County Coal Corp. v. Industrial Comm'n*, 398 Ill. 528 (1947), the court rejected the employer's argument that a wage differential under section 8(d) should be measured solely by gross yearly income. *Franklin*, 398 Ill. at 532. Rather, the court looked to factors such as wage increases, overtime, and increased hours of work. Although *Franklin* and *Sroka* interpreted an earlier version of section 8(d), the language "is earning or is able to earn" remains the same. Thus, the

court's conclusion that "[t]he test is the capacity to earn, not necessarily the amount earned" remains apt. *Franklin*, 398 Ill. at 533. Although wages are indicative of earning capacity, they are not necessarily dispositive. The initial hearing on an employee's claim gives both employers and employees the opportunity to present evidence beyond wages to establish long-term earning capacity. While this may result in an imperfect award, the legislature has not currently authorized infinite opportunities for correction.

This opportunity to prove earning capacity defeats Cassens' arguments as to due process and the "right to a remedy" provision of the Illinois Constitution. Cassens first argues that if section 8(d)(1) does not confer jurisdiction for the Commission to modify an award, it deprives the employer of its constitutional right to a remedy under article I, section 12, of the Illinois Constitution (Ill. Const. 1970, art. I, §12). Article I, section 12, states:

> "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Ill. Const. 1970, art. I, §12.

This court has noted that this provision is "merely ' "an expression of a philosophy and not a mandate that a 'certain remedy' be provided in any specific form." ' " *Segers v. Industrial Comm'n*, 191 Ill. 2d 421, 435 (2000), quoting *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 72 (1992), quoting *Sullivan v. Midlothian Park District*, 51 Ill. 2d 274, 277 (1972). In this case, it is unclear what injury or wrong Cassens has suffered. Cassens' continuing responsibility to pay Ade's wage differential is the remedy that Ade received as part of the statutorily prescribed workers' compensation process; this responsibility is not an injury suffered by Cassens. Even if Cassens has suffered some sort of injury, the legislature has determined that Cassens must seek any relief in the initial proceeding before the Commission or within 30 months thereafter. 820 ILCS 305/8(d)(1), 12(h) (West 2002). Article I, section 12, does not create a right to the specific review action that Cassens desires. See *Segers*, 191 Ill. 2d at 435.

Cassens also argues, briefly, that without continuing jurisdiction to reopen an award, section 8(d)(1) violates Cassens' right to due process. In support of this argument, Cassens' brief states, "The

Appellant must *** be afforded the right to a hearing to determine whether the disability exists. Otherwise, if there is no right for a hearing, section 8(d)(1) should be found unconstitutional for granting a limitation on the award, with no process to enforce it." As explained above, the Commission may enforce the limitation found in the duration clause when it makes its initial award. Cassens received a hearing before Ade received an award of any kind. Cassens' right to due process is not violated by the Commission's absence of jurisdiction for perpetual rehearings.

## CONCLUSION

For the reasons stated above, we hold that the Commission has no jurisdiction to modify Ade's award. This holding makes it unnecessary to address Cassens' arguments as to the definition of "disability" in section 8(d)(1) and, accordingly, the appellate court's discussion of that issue was improper. Nevertheless, we affirm the appellate court's dismissal of this appeal.

*Affirmed.*

JUSTICE KARMEIER took no part in the consideration or decision of this case.

˘11˘