COMFORT MASTERS, Plaintiff-Appellant, v. ILLINOIS WORKERS'
COMPENSATION COMMISSION *et al.* (Onasis Youanis, Defendant-
Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—07—1951WC

Opinion filed May 20, 2008.

Joseph A. Marcinak, of Rubin, Maciorowski & Friedman, of Chicago, for appellant.

V. Andrew Marzal, of Chicago, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Onasis Youanis sought workers' compensation benefits from his employer, Comfort Masters, for injuries he sustained in two falls at work. He proceeded to an arbitration hearing where the arbitrator found accidental injuries arising out of and in the course of his employment. Accordingly, the arbitrator ordered Comfort Masters to pay the following: medical expenses amounting to $61,776.69; temporary total disability benefits of $293.33 per week for 258$^{1}/_{7}$ weeks (June 4, 1998, through January 11, 2002, and November 11, 2002, through March 15, 2004); and permanent partial disability benefits of $264 per week for 531.25 weeks representing 75% loss of use of the whole person, 70% loss of use of the left hand, and 15% loss of use of the right foot. The arbitrator denied a claim for $44,659.83 in medical expenses from treatment Youanis received in New Mexico, finding that he exhausted his two physician choices (see 820 ILCS 305/8(a)(2), (a)(3) (West 2004)) before obtaining that treatment.

Both parties appealed to the Illinois Workers' Compensation Commission (Commission), which affirmed and adopted the arbitrator's decision with two modifications. In its first modification, the Commission awarded the additional $44,659.83 in medical expenses based on a finding that Youanis did not exhaust his two physician choices. Comfort Masters appealed this finding to the Cook County circuit court, which confirmed the Commission's decision. Comfort Masters now brings the instant appeal, claiming that Youanis exhausted his two physician choices before obtaining treatment in New Mexico. We affirm the Commission's decision.

## BACKGROUND

Youanis suffered two industrial accidents on June 3, 1998, while installing a fan in the attic of a house. The first accident occurred as he stood on a tool box inside the attic to cut a hole in the ceiling with a reciprocating saw. He fell onto the ceiling beams and landed on his left side. After climbing down to call his boss and report the accident, he climbed back up into the attic to retrieve his tools. He lowered the tool box with a rope and then began descending a ladder, which fell backwards onto the floor. He landed flat on his back as a result of this second accident.

Youanis obtained medical treatment from Doctor Ciro Cirrincione and several other providers in a chain of referrals from Doctor Cirrincione. This chain included Doctor Avi Bernstein, who performed spinal surgery in May of 1999. Youanis later moved to New Mexico and commenced treatment with Doctor Jack Vick and other providers in a chain of referrals from Doctor Vick. This chain included Doctor Claude Gelinas, who performed a second spinal surgery in April of 2002.

In an office note dated June 27, 1998, Doctor Cirrincione wrote that Youanis "apparently received some chiropractic treatments to his lower back, which have helped." Based on this notation, Comfort Masters asked Youanis on cross-examination if he had seen any additional chiropractors, doctors, or acupuncturists. Youanis answered no, and the arbitration hearing was then continued. When the hearing resumed, he testified that while in Chicago (during the period of Doctor Cirrincione's care) he received treatment from his wife's best friend, Dina Chris-Rogers: "She is like a Chinese acupuncture, you know, not a chiropractor. She's an acupuncture." Contrary to the suggestion in Doctor Cirrincione's office note, Chris-Rogers is not a licensed chiropractor. Youanis testified that he went to her house on two occasions for back massages and never sought treatment in her office. Chris-Rogers performed the massages free of charge because she was best friends with Youanis' wife.

The arbitrator found that Youanis exhausted his two physician choices on Doctor Cirrincione and Chris-Rogers. The Commission, in its written decision, disagreed with the arbitrator's finding regarding Chris-Rogers:

> "The Commission finds that Section 8(a) establishes the limits of employers' liability to pay for medical treatment rendered to claimants. In this case, Respondent did not incur any liability for Ms. Rogers' services as Petitioner was not charged for any services that Ms. Rogers may have rendered. We find that when there are no medical bills, there is also no employer liability. Thus, any service that Ms. Rogers provided to Petitioner does not fall within Section 8(a).

> The Commission concludes that the two acupuncture treatments that Petitioner received from his wife's friend do not constitute a choice of medical providers pursuant to Section 8(a) of the Act. We find that the doctors with whom Petitioner treated in New Mexico are within the chain of referrals of Petitioner's second choice of provider. Therefore, we find that Petitioner is entitled to medical expenses in the sum of $44,659.83, which reflects the medical charges Petitioner incurred in New Mexico."

## DISCUSSION

"[W]e will affirm the *** Commission's decision if there is any

legal basis in the record which would sustain that decision, regardless of whether the particular reasons or findings contained in the decision are correct or sound." *Butler Manufacturing Co. v. Industrial Comm'n*, 140 Ill. App. 3d 729, 734 (1986). Issues of statutory construction are reviewed *de novo*. *Cassens Transport Co. v. Industrial Comm'n*, 218 Ill. 2d 519 (2006). The instant case turns on subsections 8(a)(2) and (a)(3) of the Workers' Compensation Act, which read:

> "[T]he employer's liability to pay for *** medical services selected by the employee shall be limited to:
>
> ***
>
> (2) all medical, surgical and hospital services provided by the physician, surgeon or hospital initially chosen by the employee or by any other physician, consultant, expert, institution or other provider of services recommended by said initial service provider or any subsequent provider of medical services in the chain of referrals from said initial service provider; plus
>
> (3) all medical, surgical and hospital services provided by any second physician, surgeon or hospital subsequently chosen by the employee or by any other physician, consultant, expert, institution or other provider of services recommended by said second service provider or any subsequent provider of medical services in the chain of referrals from said second service provider. Thereafter the employer shall select and pay for all necessary medical, surgical and hospital treatment and the employee may not select a provider of medical services at the employer's expense unless the employer agrees to such selection. At any time the employee may obtain any medical treatment he desires at his own expense." 820 ILCS 305/8(a)(2), (a)(3) (West 2004).

■ These provisions embody the so-called two-physician rule. Comfort Masters argues that Youanis exhausted his second choice under subsection 8(a)(3) when he visited Chris-Rogers for massages. This argument does not persuade. The statutory language unequivocally requires treatment by a "physician, surgeon or hospital" to trigger a choice under the two-physician rule. Since Chris-Rogers was not such a provider, her treatment could not exhaust Youanis' second choice under subsection 8(a)(3). That choice occurred when Youanis sought treatment from Doctor Vick in New Mexico. Since the disputed medical bills ($44,659.83) arose from treatment by Doctor Vick and within the permissible chain of referrals from him, the Commission properly ordered Comfort Masters to pay those bills.

Nothing in this opinion prevents a claimant from obtaining treatment by a provider like Chris-Rogers outside the two chains of referrals mentioned above. The question is simply one of the employer's li-

ability for payment. Subsection 8(a)(3) allows a claimant "[a]t any time" to "obtain any medical treatment he desires at his own expense." 820 ILCS 305/8(a)(3) (West 2004).

## CONCLUSION

For this reason, we affirm the decision of the Cook County circuit court, which confirmed the Commission's decision.

Affirmed.

McCULLOUGH, P.J., and HOFFMAN, GROMETER, and DONOVAN, JJ., concur.