# Illinois Official Reports

## Appellate Court

<br>

***Perez v. Illinois Workers' Compensation Comm'n*, 2018 IL App (2d) 170086WC**

<br>

| | |
|---|---|
| Appellate Court Caption | ROCIO PEREZ, Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (TFN, Inc., d/b/a Wendy's, Appellee). |
| District & No. | Second District, Workers' Compensation Commission Division<br>Docket No. 2-17-0086WC |
| Filed | January 9, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 16-MR-751; the Hon. David R. Akemann, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael B. Lulay, of Lulay Law Offices, of Naperville, for appellant.<br><br>John A. Maciorowski and Jeffrey T. Rusin, of Rusin & Maciorowski, Ltd., of Chicago, for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Presiding Justice Holdridge and Justices Hoffman, Hudson, and Overstreet concurred in the judgment and opinion. |

**OPINION**

¶ 1      On September 10, 2007, claimant, Rocio Perez, filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 to 30 (West 2006)), seeking benefits from the employer, TFN Inc. Following a hearing, the arbitrator determined claimant's condition of ill-being in her left knee was not causally connected to her work accident on June 19, 2007.

¶ 2      In May 2012, the Illinois Workers' Compensation Commission (Commission) affirmed the arbitrator's decision. On judicial review, in January 2013, the circuit court of Kane County confirmed the Commission's decision. In March 2014, this court reversed the circuit court's decision, finding that (1) the Commission abused its discretion in admitting the causation opinions of the employer's independent medical expert and (2) the Commission's finding that claimant failed to meet her burden of proving that her conditions of ill-being were causally connected to a workplace accident was against the manifest weight of the evidence. See *Perez v. Illinois Workers' Compensation Comm'n*, 2014 IL App (2d) 130220WC-U.

¶ 3      In March 2015, the Commission issued a decision on remand, awarding $4^3/_7$ weeks' temporary total disability (TTD) benefits and $288 per week for a period of 43 weeks for the loss of use of claimant's left leg. The Commission also ordered the employer to pay claimant's medical expenses in accordance with sections 8(a) and 8.2(e) of the Act, without specifying the amount. 820 ILCS 305/8(a), 8.2(e) (West 2006). In November 2015, the circuit court of Kane County entered an order remanding the matter to the Commission to determine the amount owed for medical expenses.

¶ 4      In June 2016, the Commission issued a decision on remand, ordering the employer to pay $17,857.96 for medical expenses under sections 8(a) and 8.2(e) of the Act (820 ILCS 305/8(a), 8.2(e) (West 2006)), representing the total amount of $17,597.86 paid by claimant's husband's health insurance provider under its group health insurance plan "and deductibles/copays of $260.00." On judicial review, in January 2017, the circuit court of Kane County affirmed the Commission's decision. Claimant appeals.

¶ 5      We affirm.

¶ 6                                       I. BACKGROUND

¶ 7      At arbitration, claimant, the assistant manager at a Wendy's restaurant, testified she sustained a workplace injury in her left knee when she slipped and fell on a wet floor on June 19, 2007. She subsequently underwent medical treatment, including physical therapy and surgery, for a lateral meniscal tear in her left knee.

¶ 8      Claimant testified that her medical expenses were either paid by Cigna, her then husband's medical insurance carrier, or paid out-of-pocket. The employer submitted an exhibit listing medical payments made by Cigna, showing payments of $17,597.96 and copayments of $260. On April 4, 2011, the parties entered into a stipulation, reflecting fee schedule amounts for claimant's medical services, which totaled $37,767.32, but with the caveat that "[the employer] disputes the fee schedule is the appropriate basis for calculating [the] amount of medical, if compensable."

¶ 9      On April 25, 2011, the arbitrator issued a decision, finding claimant's condition of ill-being in her left knee was not causally connected to her work accident on June 19, 2007. The

Commission affirmed the arbitrator's decision. On January 31, 2013, the circuit court of Kane County confirmed the Commission.

¶ 10　Claimant appealed to this court, which reversed the circuit court's judgment and concluded that (1) the Commission abused its discretion in admitting the causation opinions of the employer's independent medical expert and (2) the Commission's finding that claimant failed to meet her burden of proving that her conditions of ill-being were causally connected to a workplace accident was against the manifest weight of the evidence. See *Perez v. Illinois Workers' Compensation Comm'n*, 2014 IL App (2d) 130220WC-U.

¶ 11　On March 17, 2015, the Commission issued its decision on remand, awarding $4^{3}/_{7}$ weeks' TTD benefits and $288 per week for a period of 43 weeks for the loss of use of claimant's left leg. The Commission also ordered the employer to pay claimant's medical expenses in accordance with sections 8(a) and 8.2(e) of the Act, without specifying the amount. 820 ILCS 305/8(a), 8.2(e) (West 2006). On November 12, 2015, the circuit court of Kane County entered an order remanding the matter to the Commission to determine the amount owed for medical expenses.

¶ 12　On June 16, 2016, the Commission issued a decision on remand, ordering the employer to pay $17,857.96, the negotiated amount of medical expenses under sections 8(a) and 8.2(e) of the Act (820 ILCS 305/8(a), 8.2(e) (West 2006)), representing $17,597.96 paid by Cigna and claimant's out-of-pocket expenses of $260. The Commission noted that "[t]he statute does not require the employer to be a party to the rate agreement in order to receive the benefit of the agreement." Relying on this court's decision in *Tower Automotive v. Illinois Workers' Compensation Comm'n*, 407 Ill. App. 3d 427, 943 N.E.2d 153 (2011), the Commission accepted the employer's argument that the maximum amount of medical expenses for which it was liable was the claimant's out-of-pocket expenses and the amount actually paid by Cigna, not the amount owed under the fee schedule. On January 9, 2017, the circuit court confirmed the Commission's decision.

¶ 13　This appeal followed.

## II. ANALYSIS

¶ 15　On appeal, claimant argues the Commission erred in ordering the employer to pay medical expenses in a lower amount negotiated and paid by a third party insurance carrier, and not the stipulated fee schedule amounts.

¶ 16　Section 8(a) of the Act provides, in pertinent part, as follows:

"The employer shall provide and *pay the negotiated rate, if applicable, or the lesser of the health care provider's actual charges or according to a fee schedule*, subject to Section 8.2, in effect at the time the service was rendered for all the necessary first aid, medical and surgical services, and all necessary medical, surgical and hospital services thereafter incurred, limited, however, to that which is reasonably required to cure or relieve from the effects of the accidental injury." (Emphasis added.) 820 ILCS 305/8(a) (West 2006).

¶ 17　Claimant contends that, under section 8(a) of the Act, the employer pays the negotiated rate only when the rate is negotiated by the employer or its *own* insurance carrier. Here, the negotiated rate was accepted by a third-party insurance carrier, Cigna, which was claimant's then husband's health insurer. The employer argues that under the plain language of the

statute, it is only liable for the amount of medical expenses actually paid pursuant to the negotiated rate, regardless of whether the employer or its insurer negotiated the rate. We agree.

¶ 18    In cases of statutory construction, the cardinal rule is to ascertain and give effect to the intent of the legislature. *People v. Johnson*, 2017 IL 120310, ¶ 15, 77 N.E.3d 615. "Where the language is clear and unambiguous, a court may not depart from the plain language by reading into the statute exceptions, limitations, or conditions that the legislature did not express." *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 16, 25 N.E.3d 570. Statutory construction issues are subject to *de novo* review. *Cassens Transport Co. v. Illinois Industrial Comm'n*, 218 Ill. 2d 519, 524, 844 N.E.2d 414, 418 (2006).

¶ 19    Here, under the plain language of section 8(a) of the Act, the employer is required to pay (1) the negotiated rate, if applicable, (2) the lesser of the health care provider's actual charges, or (3) according to a fee schedule. 820 ILCS 305/8(a) (West 2006). Contrary to claimant's assertion, there is no limiting language that requires the employer to pay the negotiated rate only when it is negotiated by the employer or the employer's *own* insurance carrier. Claimant attempts to create an ambiguity where none exists. The statute clearly requires the employer to pay "*the* negotiated rate." (Emphasis added.) *Id.* Had the legislature intended to limit negotiated rates and agreements to those between the employer or the employer's own insurance carrier, it could have included this restriction; however, the legislature declined to do so.

¶ 20    Further, claimant argues that the Commission's guidelines demonstrate that the "legislature expected [the negotiated rate] to be negotiated by the parties who would owe the injured worker's medical bills under the Workers' Compensation Act." We disagree. The Commission's guidelines, which claimant points to, provide as follows:

> "The fee schedule does not preclude any privately and independently negotiated rates or agreements between a provider and a carrier, or a provider and an employer, that are negotiated for the purposes of providing services covered under the Illinois Workers' Compensation Act." Ill. Workers' Compensation Comm'n, *Medical Fee Schedule Instructions & Guidelines*, https://www2.illinois.gov/sites/iwcc/Documents/Instructions%20and%20guidelines.pdf (last visited Jan. 3, 2018) (governing "procedures, treatments, and services provided on or after February 1, 2006" and before February 1, 2009).

We find that the Commission's guidelines merely clarify that the fee schedule does not preclude a negotiated rate or agreement. They are silent on the issue of who may actually pay or benefit from the negotiated rate.

¶ 21    Claimant next argues that the Illinois Administrative Code provides that only the employer or its own carrier may negotiate the reduced rate. The Illinois Administrative Code provides, in pertinent part:

> "Under the fee schedule, the employer pays the lesser of the rate set forth in the schedule or the provider's actual charge. If an employer *or* insurance carrier contracts with a provider for the purpose of providing services under the Act, the rate negotiated in the contract shall prevail." (Emphasis added.) 50 Ill. Adm. Code 7110.90(d), amended at 36 Ill. Reg. 17108 (eff. Nov. 20, 2012).

Here, again, the language cited by claimant is devoid of any limitation that only the employer's own insurance carrier may negotiate the reduced rate. The disjunctive term "or" indicates that either the employer *or* insurance carrier—any insurance carrier—may negotiate a reduced rate.

¶ 22 Contrary to claimant's argument, the plain language of section 8(a) of the Act indicates that the legislative intent was to provide relief to injured employees only to the extent reasonably required to cure or relieve claimant from the effects of a workplace injury. 820 ILCS 305/8(a) (West 2006). Specifically, the Act provides that the employer shall pay medical expenses "*limited*, however, to that which is reasonably required to cure or relieve from the effects of the accidental injury." (Emphasis added.) *Id.* Here, consistent with the legislative intent of the statute, and specifically in regards to her medical expenses, claimant was cured or relieved from the effects of her injury once the employer paid the negotiated rate of $17,857.96 with a $0 balance remaining. See *Tower Automotive*, 407 Ill. App. 3d at 437 ("By paying, or reimbursing an injured employee, for the amount actually paid to the medical service providers, the plain language of the statute is satisfied."). To award claimant any amount for medical expenses beyond the amount actually paid to the medical service providers would result in a windfall to claimant.

¶ 23                                   III. CONCLUSION

¶ 24 For the reasons stated, we affirm the circuit court's judgment.

¶ 25 Affirmed.